### UNION TRUST CO. *v.* CASSERLY.

1. MECHANICS' LIENS — CONTRACT FOR MATERIAL — SEPARATE DELIVERIES—TIME FOR FILING LIEN.

Where complainant furnished a quantity of material for the construction of a building in accordance with a gross estimate made by him, and thereafter delivered further material from time to time as ordered by the contractor, all of the materials should be regarded as having been furnished under a single contract, and hence the 60 days limited by 3 Comp. Laws, § 10714, for filing a statement of lien, did not begin to run until the date of the last delivery.

2. SAME—ERRORS IN STATEMENT OF LIEN.

A mechanic's lien will not be defeated because the time when the first and the last materials were furnished was not correctly stated in the claim of lien, where the claim was in fact filed within 60 days from the furnishing of the last material.

3. SAME—CONFUSION OF CHARGES—WAIVER OF LIEN.

The fact that complainant's book account against the contractor contained other charges than those relating to the building in question is not of itself sufficient to show that he had waived his right to a lien.

4. SAME—APPLICATION OF PAYMENTS.

Where the contractor made payments to complainant during the time the materials were being furnished, without

directing their application, complainant had the right to apply them on charges other than those for materials entering into the building in question.

5. SAME—OVERSTATEMENT OF AMOUNT DUE.

.An unintentional overstatement of the amount due in a claim of lien is not fatal to the lien.

Appeal from Wayne; Waite, J. Submitted May 7, 1901. Decided June 17, 1901.

Bill by the Union Trust Company, receiver of Samuel G. M. Gates, against Peter Casserly, Patrick Casserly, and William Diehl, to enforce a mechanic's lien. From a decree for complainant, defendant Patrick Casserly appeals. Modified and affirmed.

*Russel & Campbell*, for complainant.

*Bacon & Yerkes*, for appellant.

MONTGOMERY, C. J. The complainant, as receiver of Samuel G. M. Gates, doing business as the Detroit Lumber & Box Factory, files this bill to enforce a mechanic's lien. Complaint is made that the court appointed Harry C. Bulkley, a member of the firm of Russel & Campbell, solicitors for complainant, as receiver, and it is contended on authority of *Merchants'*, etc., *Bank* v. *Kent Circuit Judge*, 43 Mich. 292 (5 N. W. 627), that the appointment is void. The complainant's counsel assert that Mr. Bulkley is not a member of the firm of Russel & Campbell, and the record does not disclose that he is.

On the merits of the case numerous objections are urged,—so many, in fact, as to suggest the thought that a complainant must travel a rough way before he reaches the goal in these cases if the defendant urges all plausible defenses against his claim. Yet the facts of the case are not complicated. There is no doubt that the materials furnished by the complainant went into defendant's house; that they were substantially of the value found by the circuit judge; that they have not been paid for; that

a claim of lien was filed within the statutory time; and that, although defendant Patrick Casserly paid the contractor in full, he did so without taking the precaution which can alone afford him protection under our statute.

It is contended that the testimony shows that the contract was for the delivery of a specific amount of material, and that the delivery of other items was under separate contracts, and that therefore a lien should have been filed within 60 days after the furnishing of each item. 3 Comp. Laws, § 10714. We think this too narrow a construction of the statute. The correct rule is stated in Phil. Mech. Liens, § 229, as follows:

"Where work or material is done or furnished, all going to the same general purpose, as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts form an entire whole, or are so connected together as to show that the parties had it in contemplation that the whole should form but one, and not distinct, matters of settlement, the whole account must be treated as a unit, or as being but a single contract."

See, also, *Jones* v. *Swan*, 21 Iowa, 181; *Hofer's Appeal*, 116 Pa. St. 360 (9 Atl. 441); *St. Paul, etc., Brick Co.* v. *Stout*, 45 Minn. 327 (47 N. W. 974); *Page* v. *Bettes*, 17 Mo. App. 366.

It is urged that the statement of the affidavit as to the time when the first item and the last item were furnished is erroneous. It is not claimed that the last item was furnished more than 60 days prior to the filing of notice of lien. The error did not prejudice the defendant in any way. See Phil. Mech. Liens, § 359.

It is contended that, as the book account against the contractor contained other items of charge, the complainant must be held to have waived its right to assert a lien. At the most, such an entry would be but evidence of an intention which we do not find to have existed in this case.

The complainant received some money from the contractor, Diehl, during the time it was furnishing the

material, which it applied on an old account, and on items which did not go into defendant's building. No application of payments was made by the debtor, and the creditor had the right to make the application.

The affidavit overstated the amount due by a few dollars. It is manifest that no fraud was intended, and an honest error does not avoid a lien. See cases cited in note to section 10714, 3 Comp. Laws.

An item of May 28th, amounting to $5.60, is not clearly shown to have been for material going into defendant's house. The decree should be reduced by this amount, and in other respects affirmed, with costs.

The other Justices concurred.