## KNOWLTON v. GIBBONS.

1. MECHANICS' LIENS — "COST PLUS" CONTRACT — PRINCIPAL AND AGENT.

Where plaintiff contracted to build a garage for defendants on the "cost plus" plan, he to superintend its construction, and to provide and pay for materials and labor and to receive as compensation for his services 5 per cent. of the total cost of labor and materials, he was entitled to the right of lien given by the statute (3 Comp. Laws 1915, § 14796), and defendants' contention that the relationship was one of principal and agent is not sustained by authority.

2. SAME—EVIDENCE—SWORN BILLS EVIDENCE UNLESS DENIED UNDER OATH—STATUTES.

Under the statute (3 Comp. Laws 1915, § 14805), proceedings to enforce the lien must be by bill in chancery, under oath, and all bills sworn to are evidence of the matters therein charged unless denied by answer under oath.

3. SAME—EVIDENCE—SUFFICIENCY.

On a bill to enforce a mechanic's lien, which charged that plaintiff, under the contract, had furnished labor and material for erecting the building, and the separate answers of defendants, which were not sworn to, did not deny the truth of such allegation, the court below was justified in finding that plaintiff was entitled to the relief prayed.

4. SAME—COMMINGLING CLAIMS—WAIVER OF LIEN—IDENTIFICATION OF CLAIMS.

Although plaintiff mingled the claim for which lien is given with other claims not so privileged, where the accounting was such that the claims could be readily distinguished and ascertained, held, that the lien was not waived.

5. SAME—ACCEPTANCE OF NOTES NOT A WAIVER OF LIEN IN ABSENCE OF AGREEMENT.

In the absence of an agreement to that effect, the taking of defendants' notes, some of which were not due when the statement of lien was filed, by plaintiff for his claim, would not be a waiver of the lien.

---

Authorities discussing the question of acceptance of Commercial paper as extinguishment of mechanic's lien are collated in a note in 35 L. R. A. (N. S.) 93.

**6.** SAME—FILING LIEN BEFORE NOTES DUE NOT A WAIVER.

And the statement of lien may be filed before the notes are due.

**7.** SAME.

If for the claim notes are given, the due dates of which are within the time within which the lien may be enforced, the lien is not waived unless as provided by statute there is an express agreement therefor.

**8.** SAME—TIME OF FILING LIEN—STATUTES.

Under 3 Comp. Laws 1915, § 14800, the important question is not the correctness of the dates given in the statement of lien, but whether the statement was in fact filed within 60 days from the furnishing of the last of the materials or the performing of the last of the labor—a question of fact which the court below correctly decided against defendants.

**9.** SAME—ERROR IN AMOUNT DOES NOT AVOID LIEN IN ABSENCE OF FRAUD.

Where no fraud is intended, an honest error in the amount claimed by the statement of lien does not avoid the lien.

**10.** SAME—RIGHT TO LIEN WHERE COMPLETION OF CONTRACT PREVENTED BY OWNER.

The contention of defendants that plaintiff was not entitled to a lien because the building was not completed according to contract, and because plaintiff was to handle the property and have part of the amount due him from rents and income of the building, is without merit, where defendants, before the statement of lien was filed, took possession of the building, placed another in charge, and caused it to be rented, and instructed the banks holding defendants' notes given to plaintiff to collect them of plaintiff.

**11.** SAME—DECREE TO PROVIDE FOR CANCELLATION OF OWNER'S NOTES.

The decree properly required the plaintiff, before satisfaction of his claim, to cancel and deliver to the clerk of the court all notes of defendants received by him in connection with the building.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 14, 1920. (Docket No. 61.) Decided June 7, 1920.

Bill by James F. Knowlton against Mary L. Gibbons and another to enforce a mechanic's lien. From a decree for plaintiff, defendants appeal. Affirmed.

*Hatch, McAllister & Raymond,* for plaintiff.

*Corwin & Norcross,* for defendants.

CLARK, J. The bill of complaint seeks to enforce a mechanic's lien. Defendants, owners of a lot in the city of Grand Rapids, entered into what is known as a "cost plus" contract with plaintiff for the erection of a garage building on the lot, by the terms of which contract the plaintiff was to superintend the construction of the building, was to provide and pay for materials and labor, and was to receive as compensation for his services 5 per cent. of the total cost of labor and materials, and defendants agreed to pay plaintiff for such labor, materials and services and for that purpose the funds were to be provided by mortgage of the property and by notes. After a hearing decree was entered granting, substantially, the relief prayed by plaintiff. Defendants have appealed and their contentions here are:

1. That in the undertaking plaintiff was not a contractor, subcontractor, laborer, or materialman, to whom the right of lien is given by statute, but was the agent of defendants and therefore without right of lien. 3 Comp. Laws 1915, § 14796. The trial court found that plaintiff had contracted with the owners and as such contractor had furnished labor and materials for the erecting of the building. The statute (3 Comp. Laws 1915, § 14805) provides that the proceedings to enforce the lien shall be by bill in chancery, under oath, and that all bills sworn to shall be evidence of the matters therein charged unless denied by answer under oath.

The bill charged that plaintiff, under the contract,

had furnished labor and materials for erecting the building. The answer of one of the defendants neither admitted nor denied the truth of such allegation, while the answer of the other defendant admitted it. Neither answer was made under oath. In addition to the evidence of the bill itself there was testimony supporting such allegation. The record clearly sustains the finding of the court. And defendants' contention that under the "cost plus" contract there was between the parties the relation of principal and agent is not sustained by authority.

In *Carleton* v. *Machine Products Co.*, 199 Mich., at page 159, Justice FELLOWS, delivering the opinion of the court, said:

"We may take judicial notice that the arrangement of paying cost, plus a percentage as a contract price for a completed job, is growing in favor, and is becoming a common plan adopted by contractors in place of a lump sum payment. The Federal government has let contracts involving the expenditure of enormous sums of money on this plan. The change is only in the method of computing payment. There is no change in the relation of the parties from that which exists where the payment is a lump sum. The manner of computing payment for the completed job is not controlling; a change in this regard does not convert an independent contractor into an employee." * * *

See, also, *Fox* v. *Manufacturing Co.*, 197 Mich. 637.

2. That the lien was waived by commingling claims for which lien is given with other claims not so privileged. From the funds provided, plaintiff was directed by defendants to pay certain claims other than for labor and materials for the building. The claims related to the building and were for taxes, interest, etc. At the hearing no books of account were produced. From time to time, before the statement of lien was filed, plaintiff had given defendants general statements as to cost and expense of the building.

Plaintiff testified that defendant Mary L. Gibbons had asked for a statement "showing the total expenses we had incurred and what we had paid out." In some of the statements reference was made to the claims, other than for labor and materials, which had been paid. For the purpose of the lien the method of stating the account was to deduct from the amount paid plaintiff by defendants the total of the other claims and to apply the remainder toward the payment of the claim for labor and materials. There may be such mingling of claims for which the law gives a lien with claims not so privileged as to waive the lien. *J. E. Greilick Co.* v. *Taylor,* 143 Mich. 704. In the case at bar the claims may be readily distinguished and ascertained.

It was held in *Union Trust Co.* v. *Casserly,* 127 Mich. 183, that the fact that an account contained other charges than those relating to the building in question did not of itself show waiver of lien.

"It very often happens that a contractor purchases from a materialman material for different jobs at practically the same time and the same are charged against the contractor in the books of the materialman in a general running account. This does not render the lien void if the materialman is able to distinguish from his books the material that he furnished for the particular job on which the lien is claimed." Wilkinson on Mechanics' Liens, p. 58.

By the method of accounting the lien was not waived.

3. That plaintiff waived the lien by accepting several of defendants' notes aggregating nearly $4,000, some of which notes were not due when the statement of lien was filed, but were to become due several days thereafter. It was not agreed that by the taking of the notes the lien should be waived, and in the absence of express agreement that the taking of the notes was to be a waiver of the lien, the lien was not waived. 3 Comp. Laws 1915, § 14820. *Smalley* v.

*Gearing,* 121 Mich. 190; *Smalley* v. *Ashland Brown-Stone Co.,* 114 Mich. 104; *Marquette Lumber Co.* v. *Albee,* 196 Mich. 127. And the statement of lien may be filed before the notes are due. *Smalley* v. *Ashland Brown-Stone Co., supra.* And if for the claim notes are given, the due dates of which are within the time within which the lien may be enforced, the lien is not waived unless as provided by statute there is an express agreement therefor. 27 Cyc. p. 269; *Cushwa* v. *Building Ass'n,* 45 W. Va. 490 (32 S. E. 259) ; *Flenniken* v. *Liscoe,* 64 Minn. 269 (66 N. W. 979) ; Wykes on Mechanics' Liens, p. 70; 3 Comp. Laws 1915, §§ 14820, 14804.

4. That the statement of lien was not filed within 60 days from the date on which the last of the materials was furnished or the last of the labor performed. 3 Comp. Laws 1915, § 14800. The important question is not the correctness of the dates given in the statement of lien, but was the statement in fact filed within 60 days from the furnishing of the last of the materials or the performing of the last of the labor. *Union Trust Co.* v. *Casserly, supra.* This was a question of fact. The trial court correctly found against defendants' contention.

5. That the claim of lien is excessive and fraudulent and therefore void. The amount claimed to be due upon the statement of lien was $4,733.53. The amount found due upon decree was $4,327.12, to which interest was added, making a total of $4,579.53. That the difference by which the amount claimed by the statement exceeded the amount found due by the decree was not included in good faith is not shown by the proofs. When no fraud is intended an honest error does not avoid a lien. *Fairbairn* v. *Moody,* 116 Mich. 65; *Halpin* v. *Garman,* 192 Mich. 71; *Scheibner* v. *Cohnen,* 108 Mich. 165; *Union Trust Co.* v. *Casserly, supra.* From a review of the evidence we find no

occasion to disturb the trial court's computation of the amount due.

6. That for other reasons plaintiff had no lien. The contention of defendants that plaintiff was not entitled to a lien because the building was not completed according to contract and because the plaintiff was to handle the property and have part of the amount due him from rents and income of the building is without merit for the reason that defendants, before the building was fully completed, arbitrarily, it would seem from the record, revoked plaintiff's right to incur further expense in regard thereto, and defendants, before the statement of lien was filed, took possession of the building, placed a person other than plaintiff in charge and caused the building to be rented, and defendants instructed the banks, to whom the notes had been negotiated, to collect them of plaintiff. The decree properly required the plaintiff, before satisfaction of his claim, to cancel and deliver to the clerk of the court all notes of defendants received by him in connection with the building. Wilkinson on Mechanics' Liens, p. 128; *Clement* v. *Newton*, 78 Ill. 427.

We have considered the other questions raised by counsel. The decree is equitable and it is affirmed, with costs to the plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.