SPICER v. DUGREY.

1. MECHANICS' LIENS—STATEMENT MAY INCLUDE SUBCONTRACTOR'S BILL.

Where a building contractor employed a subcontractor and was liable for his bill, he had a right to include it in his statement of lien.

2. SAME—TIME FOR FILING LIEN—COMPUTATION.

Where the subcontractor finished his work at a date later than that of the personal work of the contractor, the time for filing a lien should be computed from the day the subcontractor finished his work, although the contractor by an oversight did not include the amount of the subcontractor's bill in his statement of lien, since it was as much a part of the contractor's bill against the premises as the work he did personally and the law does not contemplate that the items shall be treated separately.

3. SAME—STATEMENT—UNDERSTATEMENT OF ACCOUNT NOT PREJUDICIAL.

That the lienor inadvertently omitted part of the claim due him in his statement of lien would not invalidate his lien, notwithstanding 3 Comp. Laws 1915, § 14800, requiring "a just and true statement or account of the amount due him," the intent of the legislature being to

On rule as to first and last days in computation of time for filing mechanics' liens, see note in 49 L. R. A. 236.

keep accounts from being overstated, and in the instant case neither the owner nor other lien holders were prejudiced by the omission, the only loss resulting being that of the lienor for the amount he omitted.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 10, 1922. (Docket No. 76.) Decided December 9, 1922.

Bill by Edwin Spicer, doing business as David Spicer's Sons, against Arthur Dugrey and others to foreclose a mechanic's lien. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Younglove & Chockley,* for plaintiff.

*Savery & Drake,* for defendants.

BIRD, J. Defendants, Arthur Dugrey and wife, were the owners of a vacant lot in the city of Detroit. In July, 1919, they entered into a written contract with defendant Ferguson Construction Company to construct a house and garage thereon for the consideration of $9,250. A week or so thereafter the Ferguson Construction Company made an agreement with plaintiff to construct the building and garage on the basis of cost, plus 10 per cent. Plaintiff went forward with the work until he had it "roughed in." Up to this point it had cost him $5,229.90. He was unable to carry the work farther by reason of the fact that the Ferguson Construction Company defaulted in making its payments. He received practically all of his pay for materials and work which he had furnished up to the middle of September. After that he did work amounting to $620.93, plus the bill of a subcontractor for wiring the house. On December 9th he filed a lien for work and materials in the sum of $620.93. This did not include the bill for wiring, which was $159.69. Upon the hearing to enforce the lien the trial court

dismissed his bill, holding that his lien was not filed within the 60 days allowed by the statute.

From the testimony it appears that the last work done by plaintiff personally was on September 26th. If the time be computed from this date, the lien filed on December 9th was invalid because too late. If the time be computed from the last work done by the subcontractor, on October 22d, the lien was filed in season. Defendants insist that plaintiff did not elect to include the subcontractor's bill in his claim for lien, therefore he could not have the benefit of the last day of his work, and it is further insisted that if it is to be included, then plaintiff did not comply with the statute in his affidavit for a lien in stating the correct amount due.

There appears to be no controversy about the amount of these bills. It is conceded that plaintiff employed the subcontractor and was liable for his bill and was obliged to pay it if the subcontractor did not enforce his lien against the premises, which he did not do. Plaintiff had a right to include the subcontractor's bill in his statement of lien. *Halpin* v. *Garman,* 192 Mich. 71. He intended to include it, but, by oversight, it was omitted. The subcontractor's bill was as much a part of plaintiff's bill against the premises as the work he did personally, and the time for filing a lien should be computed in this case from the day the subcontractor finished his work. The lien law does not contemplate that a contractor's bill for work or materials furnished at different times for a particular job will be broken up into separate items and the items treated separately. The different items of the account will be treated as a unit. *Union Trust Co.* v. *Casserly,* 127 Mich. 183.

The fact that by the omission the affidavit did not state the amount actually due plaintiff did not in any way prejudice the owner or other lien holders. True,

the statute (3 Comp. Laws 1915, § 14800), provides that "a just and true statement or account of the demand due him" shall be stated. This court has occasionally criticized some statements of liens which overstated the amount due because it was evidently the intent of the legislature to keep such accounts from being overstated to the detriment of the owner or other persons claiming liens. When the account is understated it results in no loss to anyone except to the lienor, who loses the lien against the premises for that part of his claim which has been omitted. There appears to be no conflict as to the facts in the case and there is no charge of bad faith on the part of plaintiff. The defendants are in no wise harmed by plaintiff's failure to claim a lien for the whole amount due him. Under these circumstances, we are of the opinion that the chancellor was in error in disposing of the case as he did.

The decree will be reversed and one filed in keeping with this opinion. The plaintiff will recover his costs in this court.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred