BENJAMIN *v.* WILLIAM HILLGER LAND CO.

1. MECHANICS' LIENS—CONTRACTOR MAY ENFORCE, ALTHOUGH HE
LATER FORMED PARTNERSHIP.

A contractor may enforce a mechanic's lien, although
after the contract for the erection of the building was
executed, he formed a partnership, where the partner-
ship was not interested in the contract except as a sub-
contractor for part of the work.

2. SAME—ENFORCEMENT NOT PREVENTED BY MINOR DEVIATIONS—
RECOUPMENT BY OWNER ALLOWED.

A contractor may enforce a mechanic's lien although the
contract has not been carried out in every minor detail;
the statute (3 Comp. Laws 1915, § 14796) providing that
the owner may recoup any damages which he may have
sustained thereby.

3. APPEAL AND ERROR—QUESTION NOT COVERED BY RECORD NOT
CONSIDERED ON APPEAL.

Where building contract specifications were not made part
of the record, an allegation that the contractor failed
to furnish a certificate of final inspection as required
therein could not be considered, on appeal.

4. MECHANICS' LIENS — BAD FAITH OF CONTRACTOR NOT SHOWN
BY FINDING OWNER ENTITLED TO RECOUP DAMAGES.

That the jury found that the owner was entitled to recoup
damages, *held*, not to establish bad faith of contractor in
filing a mechanic's lien for the balance due on his con-
tract, for which amount he held the certificates of the
architect.

5. SAME—STATEMENT OF LIEN—TIME OF FILING SEASONABLE—SUB-
STITUTED WORK.

Where the verified statement of account required by the
statute (3 Comp. Laws 1915, § 14800) was filed within 60
days of the completion of work substituted for work pro-
vided for in the contract, it was seasonably filed.

6. SAME—ARCHITECT'S CERTIFICATES NOT FINAL—OWNER ENTITLED
TO RECOUP DAMAGES.

Where the apparent conclusion of the court below that

the architect's certificates were final, and that the contractor was therefore entitled to recover the full contract price, is not justified by the language of the certificates, the decree of the court below will be modified, on appeal, and the amount fixed in the advisory verdict of the jury will be substituted for the amount fixed in the decree.

Appeal from Wayne; Barton (Joseph), J., presiding. Submitted October 18, 1923. (Docket No. 10.) Decided December 19, 1923.

Bill by Saul E. Benjamin against the William Hillger Land Company to enforce a mechanic's lien. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Benjamin, Betzoldt & Bassett,* for plaintiff.

*Joseph H. Primeau, Jr. (Frank W. Atkinson,* of counsel), for defendant.

FELLOWS, J. Plaintiff as contractor entered into a contract with defendant as owner to erect for it a building in the city of Detroit at a cost of $35,000. This bill was filed to enforce a lien for the unpaid balance claimed to be due under the terms of the contract. Defendant in addition to a general denial of its liability claimed in its answer containing a cross-bill that there were many defects in material and workmanship and that the contract had not been performed. The trial judge took the advisory verdict of a jury upon the disputed question of fact and they allowed some of defendant's claims and rejected others. No opinion of the trial judge appears in the record but a decree was entered for the full amount of plaintiff's claim based, as the briefs in the case would indicate, upon a conclusion reached upon a question of law to which we shall presently refer.

Defendant appeals and its claims are thus stated by its counsel:

"The defendant claims that the bill of complaint should have been dismissed for the following reasons:

"(1) Because the work was done by Saul E. Benjamin & Company, a copartnership, and not by Saul E. Benjamin, personally.

"(2) That the building was not completed in accordance with the plans and specifications and in a first class and workmanlike manner.

"(3) Because the certificate of final inspection provided for on page 56 of the specifications was not furnished by the contractor.

"(4) Because the amount due claimant was grossly and intentionally exaggerated and is much greater than claimant honestly believes due.

"(5) Because it does not appear from the evidence when the last work was performed or materials furnished under the contract, by the general contractor.

"Defendant company further claims that in any event the amount of the set off as found by the jury should be deducted from the amount due the plaintiff under the terms of the contract, and the decree modified to that extent."

We shall discuss the claims of counsel in the order named.

1. The contract was with the plaintiff. After it was executed he formed a partnership with one Purdy, but he testified that the new partnership was not interested in this contract except as a subcontractor for the mason work; that the contract continued as his contract and was not assigned to the partnership. We do not doubt his testimony on this subject.

2. If bills to foreclose mechanics' liens were maintainable only by contractors who have literally carried out every minor detail of the contract without any deviation but few could be sustained. Indeed, the statute itself provides that the owner "shall be entitled to recoup any damages which he may sustain

by reason of any failure or omission in the performance of such contract" (3 Comp. Laws 1915, § 14796). Defendant's complaints, it is true, are numerous but many of them are petty, some defects were rectified, and others were changes made with the consent of defendant's architect.

3. The contractor was given a certificate for the final payment and we shall presently discuss the effect of the certificate given. It is said in the brief that the specifications require that the contractor furnish a certificate of "final inspection" and that this was not done. The specifications are not made a part of the record and have not been filed with the clerk. Under these circumstances it is impossible for us to consider this point.

4. The plaintiff filed his lien for the balance due on his contract and for which amount he held the certificates of the architect. The jury found, and we think properly, as we shall presently see, that defendant was entitled to recoup certain damages, but this does not establish bad faith on the part of plaintiff in filing his claim. We recently considered this question in the case of *Ypsilanti Lumber & Coal Co.* v. *Leslie,* 218 Mich. 664, and content ourselves with calling attention to that case and the authorities there cited.

5. The verified statement of account required by section 14800, 3 Comp. Laws 1915, was filed with the register of deeds June 6th and we think that the record conclusively establishes that this was within sixty days from the date of the performance of the last labor on the job. There is some testimony, general in its character, that work was being done the latter part of April, but there is specific testimony to the following effect: That the plans and specifications required the contractor to place tile outside the walls, that the walls run flush with the lines of defendant's

property and that plaintiff requested of defendant that it procure permission from the adjacent owners for the laying of the tile on their lands, so that he would not be rendered liable for trespassing on their property; that defendant neglected to secure this permission and the architect told plaintiff the tile need not be put in; that later when it developed that the basement was damp, due to the lack of the tile on the outside, it was arranged that drainage should be put in on the inside of the basement. This was clearly a substitute for the other work and the last of this work was done on May 6th, when plaintiff learned that defendant would not or could not pay plaintiff the balance due. This was not a new contract but a modification of the old one. The statement was seasonably filed.

This brings us to the final contention that the decree should not stand for the full amount of the contract price but should be reduced to the amount found by the jury in their advisory verdict. The trial judge was evidently of the opinion that the case belonged to that class of cases where the parties had by their contract made the architect the final arbitrator, where his certificates were final in the absence of fraud or bad faith on his part, and where the certificates issued by him and given to the contractor finally determined for the parties that the work had been done in accordance with the terms of the contract. We are persuaded, however, that the language of the certificate of the architect in the instant case precludes us from applying the doctrine of the class of cases referred to or from holding that the workmanship and material were accepted by him finally as a compliance with the contract. We quote from his certificate, italicizing the significant words:

"NOTICE—This certificate is an expression of the architect's opinion and shall at no time be considered as a legal obligation on his part, *neither shall same be*

*considered as an acceptance of any work done or materials furnished."*

We think the language of the certificate above quoted precludes us from holding that the architect had finally determined for the parties that the contract had been performed in accordance with its terms.

We are the triers of the facts in chancery cases and are not bound by the advisory verdict of the jury; but an examination of this record discloses no good reason for not accepting it. The jury saw the witnesses and we think gave due weight to the testimony. Some items claimed by defendant were allowed, some disallowed. Neither counsel has seen fit to question the amount of the verdict if the case is not controlled by the legal questions already disposed of. No claim is made that the trial judge did not fairly submit the case to the jury. We accept the amount fixed by the advisory verdict as the amount due the plaintiff and modify the decree accordingly. As thus modified, it will be affirmed. Defendant will recover costs of this court.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.