## MORMAN *v.* RYSKAMP.

1. MECHANICS' LIENS — EXCESSIVE CLAIM — UNINTENTIONAL MISTAKE.

In a suit to enforce a mechanic's lien, where defendants claimed that the suit should be dismissed because the plaintiffs fraudulently filed for an excessive amount, the finding of the court below that through an unintentional mistake the plaintiffs filed for the sum of $1,655.36, but

Effect of filing excessive mechanic's lien through unintentional mistake, see note in 29 L. R. A. (N. S.) 306.

that it is established at the sum of $1,274.86, *held*, justified by the testimony.[1]

2. SAME—LIEN LOST WHERE EXCESSIVE AMOUNT CLAIMED IN BAD FAITH.

A mechanic's lien is lost where the claimant in bad faith files for an excessive amount.[2]

3. SAME — PERSONAL DECREE AGAINST SURETY ON CONTRACTOR'S BOND—JURISDICTION.

Where the surety on a contractor's bond given to the owner and conditioned for payment of all labor and materials furnished, was made a party defendant to the suit to enforce a mechanic's lien for materials furnished, and he appeared and defended, the court had jurisdiction to render a personal decree against him.[3]

Appeal from Kent; Perkins (Willis B.), J. Submitted April 29, 1926. (Docket No. 72.) Decided June 7, 1926.

Bill by Samuel A. Morman and others, doing business as S. A. Morman & Co., against Jacob Ryskamp, Joseph Noorthoek and others to foreclose a mechanic's lien. From a decree for plaintiffs, defendant Noorthoek appeals. Affirmed.

*Elvin Swarthout,* for plaintiffs.

*J. T. & T. F. McAllister,* for appellant.

SNOW, J. Plaintiffs are dealers in building materials in the city of Grand Rapids. They furnished to one Joseph Hartstra, a contractor, certain materials which went into the construction of a market for the defendants, Ryskamp and others. Ryskamp required a bond from Hartstra, conditioned for the faithful performance of the building contract, and for the payment of all labor and material claims. Defendant Joseph Noorthoek became surety on this bond. The contractor, Hartstra, failed to pay plaintiffs for the

[1]Mechanics' Liens, 40 C. J. § 690; [2]Id., 40 C. J. § 255; [3]Id., 40 C. J. § 547 (Anno).

materials furnished him, and plaintiff, on the 19th of April, 1923, filed a claim of lien for $1,655.36 on the land and building.    Upon the trial of the case, brought to foreclose this lien, it was established by the evidence that the amount due plaintiffs for materials was but $1,274.86, and the chancellor so found by the decree.

Only defendant Noorthoek appeals, and it is his first contention that plaintiffs fraudulently exaggerated in their claim of lien the true amount due, and that therefore their bill should be dismissed.    He claims that November 8, 1922, the contractor, Hartstra, brought two bills to plaintiffs for materials furnished him; that they discounted one of these bills, accepted a check for the amount, and gave the contractor credit, in their itemized statement, on this particular job; that when the claim of lien was made, the plaintiffs failed to give credit for this payment, and intentionally and fraudulently omitted it.    This was repeatedly denied by Mr. Louwerse, one of the members of plaintiff copartnership, and the one who swore to the statement of claim of lien.    He testified that he did not ask Hartstra for money to apply on this particular job, but requested him to make payment on the general account.    He also testified that it was carelessness on his part to give a receipt on the bill, rather than one as a general credit.    It is true that the circumstances of this payment were such as to create a suspicion, at least, that plaintiffs knew that it should have been credited on the particular job and none other, thereby raising the issue as to whether or not the amount named in the affidavit of lien was inserted in bad faith. But the chancellor found as a matter of fact "that through an unintentional mistake the lien of plaintiffs was filed for the sum of $1,655.36, and the lien is, therefore, established at the sum of $1,274.86 as of April 19, 1923."    The testimony would justify this finding, and we do not feel called upon to disturb it.

Had plaintiffs in bad faith claimed an excessive amount, and had they not made an unintentional mistake of fact and were honest in their belief in the correctness of their statement, the lien would have been lost to them. Otherwise not. See *Ypsilanti Lumber & Coal Co.* v. *Leslie,* 218 Mich. 664; *Corlett-Stone Lumber Co.* v. *Parker,* 230 Mich. 537; *Benjamin* v. *Hillger Land Co.,* 225 Mich. 613; *Spicer* v. *Dugrey,* 221 Mich. 264; *Knowlton* v. *Gibbons,* 210 Mich. 547; 29 L. R. A. (N. S.) 306, note; *Grace Harbor Lumber Co.* v. *Ortman,* 190 Mich. 429.

As each case involving this question must depend in a large degree upon its own facts, it would be without profit to any one to make further reference to the evidence in the instant case.

It is secondly contended by Mr. Noorthoek that the bond upon which he became surety, and by the decree is now held liable, was an indemnity bond to the owners of the property and is not available to materialmen.

The bond provides:

The contractor "shall fully pay and discharge all claims and demands of every kind and description for and on account of labor done and material furnished in, for and about the construction of said building and improvements; and shall pay for and discharge all said demands and claims before any lien is filed against said property."

Noorthoek, the surety, was made a party defendant to this suit. He has appeared and defended. A lawful lien has been established. He has had his day in court, where every opportunity has been afforded him to protect his rights and see that no unjust claim against his principal has been established. This is a direct way of determining the rights of all the parties and avoids a multiplicity of suits. It was within the jurisdiction of the court to render a per-

sonal decree against him.    *Grace Harbor Lumber Co.*
v. *Ortman, supra.*

The decree of the trial court is affirmed in all respects, with costs to the appellees.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.