DAVID LUPTON'S SONS CO. *v.* BERGHOFF PRINTING CO.

1. MECHANICS' LIENS—LIEN ATTACHES TO LESSEE'S INTEREST.
   Under 3 Comp. Laws 1915, § 14796, mechanic's lien attaches to interest of lessee, although at time of making principal contract and performance of work, lessee had no interest in the property to which lien could attach.

2. SAME—SUFFICIENCY OF AFFIDAVIT.
   Affidavit reciting that service of statement of lien was made within ten days after filing of lien is sufficient, although it does not give exact day, where service is admitted, and truth of statement that it was within statutory period of ten days is not challenged.

3. SAME—SEPARATE LIENS NOT NECESSARY WHERE MATERIALS FURNISHED FOR SAME BUILDING.
   Although, due to change in plans, three contracts were entered into, filing of one statement and lien by subcontractor was sufficient, where materials furnished and labor performed were for same building.

4. SAME—PARTIES—PARTNERSHIP.
   Where principal contractor was actually a partnership, but the active member thereof led subcontractor to believe that he was principal contractor, lien of subcontractor, who acted in good faith, is not to be defeated because other partner was not made party to proceedings and is not bound by decree therein; under the circumstances he not being a necessary and indispensable party.
   WIEST, C. J., and POTTER and FEAD, JJ., dissenting.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 5, 1929. (Docket No. 42, Calendar No. 34,278.) Decided March 6, 1930.

Bill by David Lupton's Sons Company, a Pennsylvania corporation, against Berghoff Printing Company, a corporation, Detroit Fidelity & Surety Com-

pany, a Michigan corporation, surety, and others to enforce a mechanic's lien on certain land. From a decree for plaintiff, defendant surety appeals. Affirmed.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg* and *Leopold D. Mayer (John A. Schneider,* of counsel), for defendant surety.

McDONALD, J. This bill was filed to enforce a mechanic's lien on certain land in Wayne county, Michigan, and for relief against the surety on a statutory bond given to release the lien. The plaintiff is a Pennsylvania corporation authorized to do business in Michigan. Joseph J. Berghoff and Frances H. Berghoff, his wife, are the record owners of the title to the land. The Berghoff Printing Company is a Michigan corporation and is in possession of the premises as lessee. Anthony W. Schmitt and Mary Schmitt, his wife, and the United States Trust Company and Howard C. Wade, trustee, are record mortgagees. Ben Somkin is the principal contractor and the Detroit Fidelity & Surety Company is surety on the bond. On the hearing, the court found a lien in favor of the plaintiff in the sum of $1,285.49, and entered a decree against Ben Somkin, the Berghoff Printing Company and the Detroit Fidelity & Surety Company. As to the other defendants, the bill was dismissed. The surety company has appealed.

The record presents the following questions:

1. The defendant claims that the Berghoff Printing Company, at the time of the making of the principal contract and the performance of the work, had no interest in the property to which a lien could attach.

The Berghoff Printing Company is lessee of the building.  It has a written lease for ten years which was executed after the principal contract was made and after the furnishing of the first of the materials and labor.  But the testimony shows that the building was designed and built for the Berghoff Printing Company.  Defendant Joseph Berghoff was a director and officer in that company and active in the management of its affairs.  He testified:

"I would not have built this building for any other purpose except for the Berghoff Printing Company, and it was designed to meet their particular needs and requirements."

His testimony further shows that he and the other directors of the company had agreed on leasing the premises before the plans were ordered, and all that remained to be done was the formal execution of the lease.  But to sustain the lien against the company, it is not necessary to find that it had a more definite interest in the property at the time the contract was made, for it subsequently acquired an interest, and to that the lien attached.  Under the present lien statute, 3 Comp. Laws 1915, § 14796, a lien attaches not only to the interest of the owner, part owner, or lessee at the time the work was commenced and the first of the labor and materials were furnished, but also to "any subsequent acquired interest of any such owner, part owner or lessee."  There is no merit to defendant's contention that the Berghoff Printing Company had no interest to which the lien could attach.

2.  It is also claimed that the proceedings are defective because there is no proper proof of service of the statement of account and lien.

The statute requires service to be made within ten days after the filing of the lien and proof of such

service with the date and manner tnereof to be shown by the affidavit of the party who made it. The affidavit recites that service was made within the ten days, but does not give the exact day. The statement that it was served within the ten days after the filing of the lien is a statement of fact the truth of which is not challenged. The defendant admits service, and, as he does not contend that it was not made within the time provided by the statute, there can be no claim of prejudice. The affidavit is not as specific as the statute requires, but in view of the facts we think it should be held sufficient.

3. A further claim is made that there were three separate contracts improperly included in the one statement of account and lien.

These so-called separate contracts grew out of a change in the plans, but the materials furnished and the labor performed were for the same building. They should be considered as having been done and furnished under one entire contract. We think it was unnecessary for the plaintiff to file separate liens. *Union Trust Co.* v. *Casserly,* 127 Mich. 183.

4. A further objection to the proceedings is that the principal contractor is improperly named in the statement of account and lien, and is not made a party in the bill of complaint.

The principal contractors were Ben Somkin and Jacob Linderman, who were copartners in business. Somkin was named in the statement of account and lien and in the bill of complaint as the principal contractor. He was made a party defendant to the suit, and a personal judgment was decreed against him. Mr. Linderman was not named in the statement or bill and was not made a party. The plaintiff's contract for material and labor was with Somkin alone. He represented to the plaintiff that

Linderman was not a partner and had no interest in the contract. The plaintiff did not know that Linderman was a partner or that he had signed the contract with the owner, but could have learned the facts if it had made inquiry, which it probably would have done if it had not been misled by Somkin's representations. So, in treating Mr. Somkin as the sole contractor, the plaintiff acted in good faith. In these cases the principal contractor must be named in the statement of lien and made a party to the suit. The plaintiff named Somkin, made him a party defendant, and obtained relief against him. The question is whether his lien is to be defeated because he did not also name Linderman and make him a party. Somkin was the active member of the firm. He did all of the business with the plaintiff, the architect, and the owner. He alone contracted in his own name for the materials and labor performed and furnished by the plaintiff, all of which went into the building to the owner's benefit. His name as principal contractor in the statement of lien informed the owner that the plaintiff was asserting a lien on his property for an indebtedness due from Somkin. No further information was necessary for the owner's protection. He had all the benefit he would have had if Linderman's name had been included. In these circumstances, the statement of account and lien was a sufficient compliance with the statute.

Before the plaintiff could establish its lien, it was necessary to show an indebtedness against the principal contractor. It had no contractual relations with Linderman. But it brought in Somkin, and the court adjudged their accounts and found an indebtedness due to the plaintiff which formed the basis for the lien. This indebtedness was due from Somkin alone. Linderman is not bound by the decree, but

no relief was granted against him. The amount due to the plaintiff is not questioned, and the defendant does not claim to have been injured because Linderman was not made a party. The partnership accounts could be adjudged and adjusted without him. In view of the circumstances, he was not a necessary and indispensable party to the proceedings.

Other questions of a technical nature are argued by the defendant, but we do not deem it necessary to discuss them. They are without merit.

The decree of the trial court is affirmed, with costs to the plaintiff.

CLARK, SHARPE, and NORTH, JJ., concurred with McDONALD, J.

WIEST, J. *(dissenting)*. I am of the opinion that no lien attached. The building contract was in writing, between the owner and Ben Somkin and Jacob Linderman, and the claim of lien was by a third party for labor and materials furnished under contract with Ben Somkin, contractor. Ben Somkin undoubtedly could bind the partnership, but he could not bring about a contract relation between himself, individually, and plaintiff under which a lien could attach. Somkin and Linderman, a copartnership, were the principal contractors. Against the copartnership the law afforded the owner protection. Linderman and the copartnership have had no day in court, are not bound by the decree, and, if not bound, then the owner is made to respond to one who does not assert liability under contract relation with the principal contractor. Such a situation cannot arise if the lien statute is observed. Equitable principles cannot be considered in attaching a lien. A mistake by a subcontractor in naming the principal contractor, except induced by the owner, is

fatal and not subject to amendment. *Lacy* v. *Piatt Power & Heat Co.,* 157 Mich. 544 (133 Am. St. Rep. 360).

The lien claimed was under the contract with Somkin. Somkin was not the contractor with the owner. The owner cannot satisfy such a claim and employ it against the copartnership or Linderman. A subcontractor is one who contracts with the principal contractor. The lien statute recognizes such a relation and no other in allowing a lien.

The decree should be reversed and the bill dismissed, with costs.

POTTER and FEAD, JJ., concurred with WIEST, C. J. The late Justice FELLOWS took no part in this decision.