VORRATH v. GARRELTS
OPINION OF THE COURT

1. MECHANICS' LIENS—ATTACHMENT OF LIEN—CONTRACTOR'S STATE-MENT—STATUTES.

The mechanics' lien statute, being in derogation of the common law, must be strictly construed to the point when the lien attaches; "strict" construction, not "substantial compliance" is the rule of construction concerning the question of whether or not a lien attaches (MCLA § 570.4).

2. MECHANICS' LIENS—ATTACHMENT OF LIEN—CONTRACTOR'S STATE-MENT—STATUTES.

A contractor must provide a property owner with the statutorily-required list of unpaid subcontractors, laborers, and material-men, and the amounts due them as a condition precedent to the attachment of his mechanic's lien (MCLA § 570.4).

3. MECHANICS' LIENS—ATTACHMENT OF LIEN—CONTRACTOR'S STATE-MENT—INADEQUATE STATEMENT.

Mechanic's lien did not attach to homeowner's property where the contractor, in his statement to the homeowner regarding the amounts owing to unpaid subcontractors, omitted eight of 18 subcontractors; the omission of the eight names could not be interpreted as even substantial compliance with the mechanic's lien statute (MCLA § 570.4).

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens §§ 17, 23–25.
[2–5] 53 Am Jur 2d, Mechanics' Liens §§ 49, 168–173.

4. MECHANICS' LIENS—ATTACHMENT OF LIEN—CONTRACTOR'S STATE-
MENT—UNDERSTATEMENT OF ACCOUNT.
    *Contractor's mechanics' lien attached even though the contractor,
    in his statement of account and lien, omitted eight of the 18
    subcontractors where the omissions, resulting in a lien for an
    amount less than that which defendant homeowner owed, neither
    prejudiced nor harmed the homeowner, the contractor substan-
    tially complied with the mechanics' lien statute in listing more
    than 90% of the outstanding indebtedness, and the omissions
    were inadvertent and made in a good-faith attempt to assert
    a valid lien (MCLA § 570.27).*

5. MECHANICS' LIENS—ATTACHMENT OF LIEN—ERRORS.
    *Not every error committed in a good-faith attempt to assert a
    valid mechanics' lien pursuant to the essential statutory require-
    ments necessarily results in a failure of the lien.*

Appeal from Berrien, Julian E. Hughes, J. Sub-
mitted Division 2 June 9, 1971, at Grand Rapids.
(Docket No. 10122.) Decided August 23, 1971.

Complaint by Ronald Vorrath against Elmer Gar-
relts and The Federal Land Bank of Saint Paul for
foreclosure of mechanic's lien. Judgment for plain-
tiff. Reversed.

*Donald J. Dick,* for plaintiff.

*White, Klute & White* (by *Murray C. Campbell*),
for defendants.

Before: R. B. BURNS, P. J., and FITZGERALD and
J. H. GILLIS, JJ.

R. B. BURNS, P. J. Plaintiff contractor agreed to
construct a house according to plans submitted by
defendant owner for the sum of $28,948.70. Numer-
ous changes in the plans, all of which were suggested
by the defendant, increased the total price by an

additional $6,000. After requesting, but not receiving, the additional $6,000 for these plan changes the plaintiff ceased working on the defendant's partially-completed house.

At trial level the plaintiff's mechanic's lien was upheld and foreclosed in the amount of $6,663.

Seeking to invalidate plaintiff's lien the defendant argues that plaintiff's statutorily-required contractor's statement was defective.[1] Plaintiff contends that the errors were harmless and that his "substantial compliance" with the statute in question was sufficient.

The pertinent statutory provision (MCLA § 570.4 [Stat Ann 1970 Rev § 26.284]) states:

"The original contractor shall, whenever any payment of money shall become due from the owner * * * or whenever he desires to draw any money from the owner * * * make out and give to the owner * * * a statement under oath of the number and names of *every subcontractor* or laborer in his employ, and of *every person* furnishing materials, giving the amount, *if anything,* which is due or to become due to them, or any of them * * * . Until the statement provided for in this section is made, in manner and form as herein provided, the contractor shall have no right of action or lien against the owner." (Emphasis supplied.)

Plaintiff conceded he failed to include several subcontractors and laborers in his contractor's statement.

"Strict" not "substantial" compliance is the rule of construction concerning the question of whether or not a lien attaches.

In *Burman* v. *Ewald* (1916), 192 Mich 293, 295, the Court said:

---

[1] When seeking a mechanic's lien the original contractor must file a contractor's statement. MCLA § 570.4 (Stat Ann 1970 Rev § 26-.284).

"The statute providing for a mechanic's lien, being in derogation of the common law, *must be strictly construed to the point when the lien attaches;* that thereafter, because of its remedial character, a liberal construction may be indulged." (Emphasis supplied.)[2]

Plaintiff argues that he is not required to list those subcontractors and laborers that he paid prior to filing his statement.

This argument was upheld by the Court in *Halpin* v. *Garman* (1916), 192 Mich 71. In *Spicer* v. *Dugrey* (1922), 221 Mich 264 the Court upheld a lien when the plaintiff inadvertently omitted one bill due to an electrical contractor. However, in the present case the contractor omitted eight of 18 subcontractors to whom money was owed. The omission cannot be interpreted even as substantial compliance.

Providing the owner with a list of unpaid subcontractors, laborers, and materialmen and the amounts due them as required by statute is a condition precedent to the attachment of a mechanic's lien. *Wood* v. *Bolinger* (1930), 252 Mich 489; *Wildey* v. *Gillett* (1912), 171 Mich 153.

Reversed. Costs to defendants.

Fitzgerald, J., concurred.


J. H. Gillis, J. (*dissenting*). I dissent. I am convinced from a review of the record, that the errors made in plaintiff's statement of account and lien were inadvertent and not made in bad faith. I am also convinced that since there is evidence to support the trial judge's finding on this issue, that determination should not be disturbed on appeal unless

---

[2] See, also, *Wallich Lumber Co.* v. *Golds* (1965), 375 Mich 323; *Lowrie & Webb Lumber Co.* v. *Ferguson* (1945), 312 Mich 331; *Grand River Lumber & Coal Co.* v. *Glenn* (1926), 234 Mich 310.

shown to be clearly erroneous. *Morman* v. *Ryskamp* (1926), 235 Mich 140.

It has long been held that unintentional errors which result in *overstatement* of the amount due from the recalcitrant debtor will not defeat a mechanic's lien. *McMonegal* v. *Wilson* (1894), 103 Mich 264; *Fairbairn* v. *Moody* (1898), 116 Mich 61; *Union Trust Co.* v. *Casserly* (1901), 127 Mich 183; *Vaughan* v. *Ford* (1910), 162 Mich 37; *Grace Harbor Lumber Co.* v. *Ortman* (1916), 190 Mich 429; *Knowlton* v. *Gibbons* (1920), 210 Mich 547; *Ypsilanti Lumber & Coal Co.* v. *Leslie* (1922), 218 Mich 664; *Hart* v. *Reid* (1928), 243 Mich 175.

It is not the law in this state that *understatement* of the statement of account and lien by a contractor through inadvertent omission of a subcontractor's bill results in loss of the lien. That very situation arose in *Spicer* v. *Dugrey* (1922), 221 Mich 264, 267 where it was held:

"This Court has occasionally criticized some statements of liens which overstated the amount due because it was evidently the intent of the legislature to keep such accounts from being overstated to the detriment of the owner or other persons claiming liens. When the account is understated it results in no loss to anyone except to the lienor, who loses the lien against the premises for that part of his claim which has been omitted."

While it is true that failure to make out and give any statement of account and lien is fatal, *Wood* v. *Bolinger* (1930), 252 Mich 489; *Wildey* v. *Gillett* (1912), 171 Mich 153, I am not persuaded that any error committed in a good-faith attempt to assert a valid lien pursuant to the essential statutory requirements should always result in failure of the lien. While overstatement of the account may often result in prejudice to the debtor, I fail to see how

this defendant can seriously contend he was harmed because the resulting lien was for an amount less than that which he owed. In my opinion, plaintiff's substantial compliance with the statute in listing more than 90 % of the outstanding indebtedness established a valid lien. See MCLA § 520.27 (Stat Ann 1970 Rev § 26.307).

I would affirm the decision of the trial court.