### JOHN F. NOUD & CO. *v.* STEDMAN.

1. MECHANIC'S LIEN—DATE—DEFECTIVE CLAIM.

A claim of lien for a contractor's work installing a heating apparatus in a house need not state the date of commencing performance definitely if it states the last date sufficiently to comply with the statute.

2. SAME—NAME OF OWNER, ETC.

But it must state, as required by statute, the name of owner, part owner, or lessee, if known. A failure to observe this requirement is fatal.

3. SAME—SUPPLEMENTAL EVIDENCE.

The claim on its face must show the essentials without extraneous aid; evidence to supplement it, if deficient in this particular, will not be admitted.

Appeal from Van Buren; Bridgman, J., presiding. Submitted April 11, 1916. (Docket No. 101.) Decided December 21, 1916.

Bill by the John F. Noud Company against Alva Stedman, Ellen R. Avery, mortgagee, and others, to enforce a mechanic's lien. On petition R. R. Brenner was allowed to intervene, claiming a lien. From the decree rendered, defendant Brenner appeals. Affirmed.

*Thomas J. Cavanaugh,* for appellant.

*David Anderson,* for defendant Avery.

BIRD, J. The purpose of these proceedings is to enforce a mechanic's lien on certain premises in South Haven. Complainant made parties defendant the owners, mortgagee, and several other persons claiming statutory liens for labor and material. Defendant Brenner petitioned for and was given the right to intervene. He claimed a lien as contractor for the heating apparatus which he installed in the building. A hearing was had on the several claims, and the chancellor allowed some of them, but disallowed others, and among those disallowed was the claim of Brenner. Defendants Stedman, the owners of the premises, did not defend. Ellen R. Avery, the mortgagee, made the defence and is appellee herein. Defendant Brenner is the sole appellant.

1. Among the reasons given by the chancellor for disallowing Brenner's claim was that the claim of lien filed with the register of deeds did not definitely set forth when the labor and materials were furnished. That part of his claim appears to be set forth as follows:

"That he entered upon the performance of his contract on or about the 19th day of December, 1911, and the last thereon on the 17th day of December, 1912."

Counsel for the mortgagee makes the point that this statement is not sufficiently definite to satisfy the holding in *Godfrey Lumber Co.* v. *Kline,* 167 Mich. 629

(133 N. W. 528), where similar language was held insufficient. It will be noted, however, that in that case both dates were alleged as being "on or about," whereas in the present case the last date is definite. The last date is the more important of the two, because from the last one it is determined whether the claim for a lien was filed within the statutory period of 60 days. Where the last date is stated definitely, we do not think the claim should be declared fatally defective because the first date is stated too generally. For this reason we think it is quite obvious that, had this distinguishing feature been present in the case of *Godfrey Lumber Co.* v. *Kline,* the holding in that case would have been different.

2. A second reason given by the chancellor for holding the notice defective was that it failed to state the name of the "owner, part owner, and lessee, if known." This is one of the statutory requirements, and a failure to observe it is fatal and will not confer jurisdiction. *Waters* v. *Johnston,* 134 Mich. 436 (96 N. W. 504).

An attempt is made to supply this omission by the fact that attached to and made a part of the claim of lien was a copy of the contract made between the Stedmans and Brenner for installing the heating plant. The most that can be claimed for this is that it showed that Stedman & Stedman contracted with Brenner to install the plant, but no language is used therein showing whether they did so as owners, lessees, or tenants. The pleadings are also invoked to aid in this respect. These are of no avail, because the claim on its face should show the statutory essentials without the aid of extrinsic evidence. *Godfrey Lumber Co.* v. *Kline, supra.* The failure of appellant to observe the statutory requirement in this respect rendered his claim of lien invalid, and the chancellor was right in refusing to enforce it.

It will be unnecessary to discuss the other questions raised.

The decree is affirmed. Defendant Avery will recover her costs against the defendant Brenner.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.