## LALLEVICH *v.* BARTOSZEWIZ.

1. MECHANIC'S LIENS—CLAIM OF LIEN—OWNERS—HUSBAND AND WIFE—ESTATES BY ENTIRETIES—STATUTES.

   Where, in a claim of a mechanic's lien against property owned by husband and wife by the entireties, the husband alone was named as owner, the requirements of the statute (3 Comp. Laws 1915, § 14800) were not complied with, although the husband and wife were each personally served with a copy of the plaintiff's claim.

2. SAME—STATUTES—STRICT CONSTRUCTION.

   Lien statutes are innovations upon the common law, and are therefore to be strictly construed.

Appeal from Wayne; Dingeman, J. Submitted January 22, 1919. (Docket No. 92.) Decided April 3, 1919.

Bill by John Lallevich against Henry Bartoszewiz to enforce a mechanic's lien. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*William Look,* for plaintiff.

*A. W. Sempliner,* for defendants.

KUHN, J. The plaintiff in this case filed his bill to enforce a mechanic's lien. The claim of the lien which it is sought to foreclose named the defendant A. J. Banacky as the owner of the property. In fact, Aloys J. Banacky and Mathilda Banacky, his wife, were the owners of the property as an estate by the entirety. Section 14800, 3 Comp. Laws 1915, provides:

"Every person, or his agent or attorney, whether contractor, subcontractor, material man or laborer, who wishes to avail himself of the provisions of this statute, shall make and file in the office of the register of deeds, in the county or counties in which said real estate, house, building, structure or improvement to be charged with the lien is situated, a just and true statement or account of the demand due him, over and above all legal set-offs, setting forth the time when such materials were furnished or labor performed, and for whom, and containing a correct description of the property to be charged with the lien, and the name of the owner, part owner or lessee, if known, which statement shall be verified by affidavit. Such verified statement or account shall be filed within sixty days from the date on which the last of the materials shall have been furnished or the last of the labor shall have been performed by the person claiming the lien."

It is the contention of the appellees, it being so held by the trial court, that this statute was not complied with, in that the claim of the lien simply stated A. J.

Banacky as the owner of the property and did not state the name of the "owner, part owner or lessee, if known." It is urged by counsel for appellant that, notwithstanding this is true, the purpose of the statute was complied with, as both Aloys J. and Mathilda Banacky, husband and wife, were each personally served with a copy of the plaintiff's claim of lien.

Both Mr. and Mrs. Banacky owned the whole property against which the lien was claimed, and therefore it follows that it cannot be claimed that the owner was named in the claim of lien, as required by the statute. This is a statutory requirement, and its provisions must be strictly construed in order to give jurisdiction to the court, and the failure to observe the requirements is therefore necessarily fatal and the proceeding must fall. As was said by this court in *J. W. McCausey & Co.* v. *Gittleman,* 201 Mich. 8:

"Lien statutes are innovations upon the common law over the rights of property, not to be extended in operation and effect beyond their plain provisions. As to their provisions by which lien attaches strict construction is the recognized rule."

See *Waters* v. *Johnson,* 134 Mich. 436; *John F. Noud & Co.* v. *Stedman,* 193 Mich. 459.

The decree dismissing the bill is therefore affirmed, with costs to the appellee.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.