GRAND RIVER LUMBER & COAL CO. *v.* GLENN.

1. MECHANICS' LIENS—MISNOMER OF BLOCK—IDENTIFICATION SUFFICIENT ALTHOUGH WRONG BLOCK GIVEN.

Where, in the claim of a mechanic's lien, the right dwelling was designated, and the name of one owner given, and, as that owner had but one lot, and the material was used in the building on it, the identification was sufficient although the wrong block was given.[1]

[1]Mechanics' Liens, 27 Cyc. p. 201.

2. SAME—CLAIM NAMING HUSBAND AS OWNER VOID WHERE TITLE HELD BY ENTIRETIES.

Where the title to the lot was in husband and wife by the entireties, a claim of mechanic's lien naming the husband only was void under 3 Comp. Laws 1915, § 14800.[2]

3. SAME—ESTOPPEL—MISTAKE CAUSED BY MISINFORMATION.

The rule that, where the lienor has been misled in giving the name of the owner by statements made by the owner, the owner is estopped from taking advantage of the mistake, is not applicable where the alleged misrepresentations were not relied on and were not made until after the lien had been filed; and that there was still time in which to file a new claim of lien would not render the rule applicable.[3]

4. SAME—EQUITIES NOT CONSIDERED UNLESS LIEN ATTACHED.

That the equities are with the lienor in proceedings to enforce a mechanic's lien may not be considered unless the lien attached.[4]

5. SAME — PROCEEDINGS TO OBTAIN LIEN STATUTORY — EQUITY POWERS EXERCISED IN ENFORCEMENT OF LIEN.

Proceedings to enforce a mechanic's lien admit of the usual exercise of powers of a court of equity, but proceedings to obtain a lien are wholly statutory and must be strictly followed.[5]

Appeal from Oakland; Warner (Glenn E.), J., presiding. Submitted January 5, 1926. (Docket No. 4.) Decided March 20, 1926.

Bill by the Grand River Lumber & Coal Company against Herbert W. Glenn and others to foreclose a mechanic's lien. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Frank Day Smith,* for plaintiff.

*Alfred G. Masters* (*Miller, Canfield, Paddock & Stone,* of counsel), for defendants.

WIEST, J. This is a suit by a materialman to en-

[2]Mechanics' Liens, 27 Cyc. p. 168; [3]Id., 27 Cyc. p. 206; [4]Id., 27 Cyc. p. 322; [5]Id., 27 Cyc. pp. 18, 110, 111, 322.

force a mechanic's lien. Herbert W. and Amelia Glenn owned lot 38, block C, Leggett Farm subdivision, Oakland county, and, in November, 1919, entered into contract with the Norwood Construction Company to construct a house thereon at a cost of $5,968. The Norwood company started the house and during the course of construction purchased lumber and building material of the Grand River Lumber & Coal Company to the amount of $2,749.60. In March, 1920, and while the house was in course of construction by the Norwood company, the Glenns entered into contract with the House Financing Corporation to finance the project and attend to the construction, and to that end deeded the lot to the House Financing Corporation and took a land contract under which they were to pay $7,983 for the house completed in accordance with the Norwood contract, and were credited $1,000 for the lot and $500 they had paid the Norwood company on the building contract. The House Financing Corporation continued the building contract with the Norwood company. The Glenns did not record the land contract given them by the House Financing Corporation. Within 60 days of the furnishing of the last material, plaintiff filed a claim of lien, but, by mistake, described the premises as lot 38 A instead of lot 38 C, and named Herbert W. Glenn as owner, instead of Herbert W. and Amelia Glenn.

Defendants claim the lien did not attach because of misnomer of the block. In the claim of lien the right dwelling was designated and the name of one owner given, and, as that owner had but one lot, and the material was used in the building on that lot, we cannot ignore the identification outside of the block number. Defendants' contention falls within the rule stated in *Jossman* v. *Rice*, 121 Mich. 270 (80 Am. St. Rep. 493) ; *Hannah & Lay Mercantile Co.* v. *Hartzell*,

125 Mich. 177; *Acme Lumber Co.* v. *Modern Construction Co.,* 214 Mich. 357, and is without merit.

Defendants also claim the lien was filed against property owned by Herbert W. Glenn, and, inasmuch as it was owned by both Herbert W. and Amelia Glenn, by the entireties (stating ownership most favorable to plaintiff), the claim of lien was void.    On this ground the circuit judge dismissed the bill.

Plaintiff seeks to bring the case within the holdings that, where the lienor has been misled in giving the name of the owner, by statements made by the owner, the owner is estopped from taking advantage of the mistake.    See *Waters* v. *Johnson,* 134 Mich. 440.    It is evident that this rule only applies in cases where the lienor has acted on misinformation given by the owner. In the case at bar, representations claimed to have been made by Mrs. Glenn and the House Financing Corporation were after the lien had been filed, and, therefore, had nothing to do with the claim of ownership stated in the lien.    But plaintiff insists that, inasmuch as there was then time in which to file a new claim of lien, the rule of estoppel should be made applicable.    We cannot so hold.    The mistake had been made and plaintiff must stand or fall upon the claim of lien filed.

The equities are with plaintiff, but, unless lien attached, may not be considered.    Proceedings to obtain a lien are wholly statutory and must be strictly followed, but proceedings to enforce a lien admit of the usual exercise of powers of a court of equity.    The mistake was not excused by any act or representation made by the owners or the House Financing Corporation.    The contract for the building was between Herbert W. and Amelia Glenn, owners, and the Norwood Construction Company, contractors, and this contract was known to the plaintiff.    At the time of filing the claim of lien plaintiff had no reason for

thinking that Mrs. Glenn had parted with her rights as a joint owner. We must hold, as did the circuit judge, that the claim of lien was void in not designating Amelia Glenn an owner of the property. See 3 Comp. Laws 1915, § 14800; *John F. Noud & Co.* v. *Stedman,* 193 Mich. 459; *Lallevich* v. *Bartoszewiz,* 205 Mich. 375.

The decree is affirmed, with costs to defendants.

SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred. BIRD, C. J., did not sit.