SARAR *v.* ANDREWS.

1. MECHANICS' LIENS—NOT NECESSARY TO NAME PARTY NOT AF-
FECTED.
Mechanics' lien statute does not require naming in claim of lien
one whose interest in property is not affected thereby.

2. SAME—LIEN ATTACHES TO LEASEHOLD INTEREST.
Under mechanics' lien law (3 Comp. Laws .1915, § 14796), lien
attaches to leasehold interest as well as to fee.

3. SAME—NOT NECESSARY TO NAME OWNERS OF FEE WHERE LIEN
CLAIMED AGAINST LEASEHOLD INTEREST ONLY.
Claim of lien upon "land and building" included leasehold
interest, and therefore lien is enforceable in suit against lease-
hold interest only, where names of lessees were given in claim,
although names of owners of fee were omitted. McDONALD
and FEAD, JJ., dissenting.

Appeal from Macomb; Barton (Joseph), J., pre-
siding. Submitted April 11, 1930. (Docket No. 83,
Calendar No. 34,569.) Decided October 3, 1930.

Bill by Steve Sarar against Leo J. Andrews and
others to foreclose a mechanic's lien. From a de-
cree dismissing the bill, plaintiff appeals. Reversed
and remanded.

*Leithauser, Brown, Charnoske & O'Donnell,* for
plaintiff.

*James R. Thomas,* for defendants Wise and
Ellison.

NORTH, J. Plaintiff contracted with the defend-
ant Leo J. Andrews to erect a gasoline station for
$3,200 on a parcel of land of which Andrews then

had a ten-year lease. Before the building was completed Andrews assigned his leasehold interest to the defendant Anthony Ellison. Plaintiff filed and served a claim of lien in which it was set forth that Andrews and Ellison were lessees of the premises described and that plaintiff claimed a lien upon the "land and building." This claim of lien covered the leasehold interest of Andrews and Ellison. Its validity is assailed in these particulars only: (1) The statement and claim of lien does not contain the names of the true owners of the property at the time the claim of lien was filed or their addresses; and (2) that such owners or their grantees, the defendants Wise, are not alleged to have signed the contract for the building. When the case was brought on for hearing plaintiff announced to the court that he claimed a lien against the leasehold interest only, and asked no relief against the defendants other than Andrews and Ellison. Thereafter on defendants' motion the bill was dismissed on the grounds above noted. Decree followed and plaintiff has appealed.

We think the bill of complaint should not have been dismissed. The statute expressly authorizes a lien against the interest of the lessee. The owner of the fee as such has no interest or concern in the enforcement of a lien against the leasehold interest. The statute does not require naming in the claim of lien one whose interest in the property is not affected thereby. *Waters* v. *Johnson,* 134 Mich. 436. Instead the statute (3 Comp. Laws 1915, § 14796 *et seq.*) is drawn in the disjunctive and provides:

"(14796) SECTION 1. Every person who shall, in pursuance of any contract * * * existing between himself as contractor, and the owner, part owner *or lessee* of any interest in real estate, * * * fur-

nish any labor or materials in or for building * * * any house, building * * * or structure * * * shall have a lien therefor upon such .house, (or) building * * * and its appurtenances, and also upon the entire interest of such owner, part owner *or lessee* * * * to the extent of the right, title and interest of such owner, part owner *or lessee.*"

Section 14800 of the statute provides that the claim or statement of lien filed with the register of deeds shall contain: "the name of the owner, part owner *or lessee.*" As noted above, plaintiff's claim of lien does give the names of the lessees. At the time of the hearing the lessors, Mr. and Mrs. Wise, were the owners of the fee. The attempt to set forth in the claim of lien filed the names of the owners of the fee was mere surplusage. In *Carland* v. *United Engineering Co.,* 209 Mich. 244, we said:

"The lien attaches not only to the buildings erected, but to the interest of the party erecting them, the owner, part owner, *or lessee* (3 Comp. Laws 1915, § 14796)."

There is nothing in this record which would justify finding that plaintiff abandoned or surrendered the lien claimed against the leasehold interest of the defendants Andrews and Ellison in the sum of $2,798.50. The bill of complaint is not carefully drawn; but it alleges that Andrews and Ellison were lessees under a ten-year lease, and prays: "That the amount found to be due plaintiff with interest and costs may be decreed to be a lien upon the aforesaid gasoline station in favor of plaintiff." At the hearing plaintiff's counsel stated to the court: "Plaintiff asks that a mechanic's lien be decreed against the interest of Leo J. Andrews and Anthony Ellison, lessees, and a personal decree for

deficiency." I think the pleading was sufficient, but if considered insufficient to cover the relief sought by way of a lien against the leasehold only, amendment should be granted.

The decree should be set aside and the case remanded for hearing as to plaintiff's right to a lien against the leasehold interest and a possible deficiency decree against the defendants Andrews and Ellison. As the record is presented on this appeal the bill was properly dismissed as to the other defendants. Appellant will have costs of this court against Andrews and Ellison.

WIEST, C. J., and BUTZEL, CLARK, POTTER, and SHARPE, JJ., concurred with NORTH, J.

McDONALD, J. (*dissenting*). This is an appeal from a decree of the circuit court of Macomb county dismissing plaintiff's bill for the enforcement of a mechanic's lien.

On April 28, 1927, the plaintiff entered into a contract with one Leo J. Andrews for the erection of a gasoline station on land owned by Frank X. Pare and Clara Pare, his wife. Andrews held a ten-year lease which he obtained from William F. Wise and Marian M. Wise, his wife, who were purchasing the property on land contract. Andrews subsequently assigned his lease to Anthony Ellison. The claim of lien filed by the plaintiff recites that he "claims a lien on said land and building of which William F. Wise is the owner and Leo J. Andrews and Anthony Ellison are the lessees." The bill of complaint claims a lien on the building and prays that it may be sold to satisfy the amount found to be due to the plaintiff. On motion of the defendants, the trial court entered a decree dis-

missing the bill on the ground that the claim of lien was not a sufficient compliance with the statute and therefore no lien attached.

The court correctly disposed of the issue. Frank X. Pare and Clara Pare, his wife, held the record title to the property. They should have been named as owners. William F. Wise and Marian M. Wise, his wife, were the joint vendees in the executory contract of purchase. Both should have been named as such in the claim of lien. To designate all of these parties in the claim of lien is one of the statutory requirements and unless complied with no lien attaches. *Waters* v. *Johnson,* 134 Mich. 436; *Godfrey Lumber Co.* v. *Kline,* 167 Mich. 629; *John F. Noud & Co.* v. *Stedman,* 193 Mich. 459.

But the plaintiff has abandoned his claim of lien against the land and building and now insists that he is entitled to a lien on the leasehold interest of Andrews and Ellison. He must abide by the recitals in the claim of lien filed. It is jurisdictional and cannot be amended. *Lacy* v. *Piatt Power & Heat Co.,* 157 Mich. 544 (133 Am. St. Rep. 360); *Grand River Lumber & Coal Co.* v. *Glenn,* 234 Mich. 310.

Because the claim of lien is fatally defective in that it does not state the names of the owners and the vendees in the executory contract of purchase, the trial court was right in dismissing the bill.

The decree should be affirmed, with costs to the defendants.

FEAD, J., concurred with McDONALD, J.