STRAND LUMBER CO. *v.* DOSTIE.

1. MECHANICS' LIENS—NOT NECESSARY TO NAME OWNERS OF LAND WHERE LIEN AGAINST BUILDING ONLY.

Failure to name record owners of land in claim of lien filed did not invalidate lien, where it was asserted against building only erected by contract purchasers (3 Comp. Laws 1929, § 13103).

2. SAME—NOT NECESSARY TO NAME ONE NOT AFFECTED BY LIEN—STATUTES.

Mechanics' lien statute does not require naming in claim of lien one whose interest in property is not affected thereby.

3. SAME—"OWNER" DEFINED.

"Owner" whom statute requires to be named and served with copy of claim of lien is owner at time claim of lien is made (3 Comp. Laws 1929, § 13103).

On who is "owner" within meaning of mechanics' lien statute requiring name of owner of property to be given in statement of lien, see annotation in 2 A. L. R. 796.

4. SAME—VENDOR AND PURCHASER—FAILURE OF OWNERS OF LAND TO SIGN CONTRACT FOR MATERIALS.

> That owners of land did not sign contract for purchase of materials used by contract purchasers in construction of building thereon did not invalidate lien which is asserted against building only (3 Comp. Laws 1929, § 13103).

5. SAME—EFFECT OF SUMMARY PROCEEDING ON LIEN—STATUTES.

> In view of statute giving right to claim lien against building, owners of land may not, by summary proceedings, terminate lien, even if lienholder is made party thereto, and therefore lien against building is not terminated by proceeding to which lienholder was not party (3 Comp. Laws 1929, § 13103).

6. SAME—CONSTRUCTIVE NOTICE.

> Where, at time purchaser of land received conveyance from vendors, mechanic's lien was matter of record in register of deeds' office, purchaser took title with constructive notice thereof.

7. SAME—ENFORCING LIEN—BONDS—PRINCIPAL AND SURETY.

> Where purchaser of land and his surety gave lienholder bond for amount of existing lien against building, decree was properly entered against them for amount of lien, accrued interest, and costs, in suit to foreclose lien.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 20, 1932. (Docket No. 36, Calendar No. 36,358.) Decided December 6, 1932.

Bill by Strand Lumber Company, a Michigan corporation, against John W. Dostie and others to foreclose a mechanic's lien. Judgment for plaintiff. Defendants Ellesin, American Employers Insurance Company, and Metropolitan Life Insurance Company appeal. Affirmed.

*Howard A. Donnelly,* for plaintiff.

*Tilden M. Gallagher,* for defendant Ellesin.

*Stevens T. Mason,* for defendant American Employers Insurance Company.

NORTH, J. In the circuit court plaintiff was given a decree foreclosing a mechanic's lien. Three of the defendants have appealed. The questions for determination are whether, under the facts presented, plaintiff possessed a valid lien, and, if so, whether such lien as against the interest of the vendee in a land contract was terminated by a subsequent proceeding whereby the contract vendors forfeited the vendee's rights and repossessed themselves of the premises, but without notice to the lienholder.

Omitting details, the material facts, as we view the record, are as follows: Mr. and Mrs. Dostie were the fee owners as tenants by the entireties of the land involved. They entered into a contract to sell the property to Niles F. Gorwell. Gorwell was a builder, and, on or about the 8th of March, 1926, purchased materials of plaintiff which were used in erecting a new building upon the land he had purchased under the Dostie contract. There is evidence that Gorwell in turn sold the property on a contract to E. M. Walton. Within the statutory period plaintiff filed a claim of lien against the property. In this claim of lien a party other than Mr. and Mrs. Dostie was erroneously named as owner of the record title. Niles F. Gorwell was named as the contractor to whom the materials were sold, and E. M. Walton was named as a person having some interest in the property. Prior to filing the bill of complaint herein, but subsequent to the claim of lien, Mr. and Mrs. Dostie gave notice of forfeiture, and by summary proceeding instituted against Gorwell and another recovered possession of the property. Also prior to filing the bill of complaint Mr. and Mrs. Dostie conveyed their interest in the property by warranty deed to the defendant

George B. Ellesin. In order to relieve the property of plaintiff's claim of lien, Ellesin as principal and the American Employers Insurance Co. as surety executed and filed a bond in accordance with the statute. 3 Comp. Laws 1929, § 13107. Ellesin mortgaged the property to the Union Trust Company, and this mortgage was subsequently assigned to the defendant and appellant the Metropolitan Life Insurance Company. Later the defendant Ellesin conveyed his interest in the property by warranty deed to the defendant Petrinovic.

If plaintiff's claim of lien is valid, it is superior to the rights of the appellant the Metropolitan Life Insurance Company, and the other appellants, George B. Ellesin and the American Employers Insurance Company, will be liable to plaintiff on the bond which they filed to release the property from its lien. These appellants contend that the lien is invalid because the claim of lien as filed did not name Mr. and Mrs. Dostie as record owners, or Mr. Ellesin as a contract purchaser, nor were either of them served with a copy of the claim of lien. Plaintiff is asserting a lien against the new building only, not against the land. This being true, such claim of lien is not invalidated by reason of failure to name Mr. and Mrs. Dostie as owners of the land or to serve them with copies thereof. The statute (3 Comp. Laws 1929, § 13103) expressly gives the right of lien under such circumstances against the building in which the materials were used. Whatever right Mr. and Mrs. Dostie had in the land is in no way affected by plaintiff's lien. We have recently held:

"The statute does not require naming in the claim of lien one whose interest in the property is

not affected thereby.'' *Sarar* v. *Andrews,* 251 Mich. 376.

There is no merit to the claim of invalidity of the lien on the ground that Mr. Ellesin was neither named therein nor served, because this record does not show that he had any interest in the property at that time. The ''owner'' whom the statute (section 13106) requires to be named and served with a copy of the statement or claim of lien is the owner at the time the claim of lien is made. *Waters* v. *Johnson,* 134 Mich. 436.

Invalidity of the lien is asserted by appellants upon the further ground that there was no contract for the purchase of the materials signed by Mr. and Mrs. Dostie. (See 3 Comp. Laws 1929, § 13102.) This contention is without force because, as noted above, plaintiff's lien is against the building on the premises only, and not against the land of which Mr. and Mrs. Dostie were the owners; and the right to claim the lien against the building is provided by the statute. 3 Comp. Laws 1929, § 13103.

The remaining question is whether the termination of the contract vendee's rights by summary proceedings without notice to the lienholder extinguished the right of lien. Determination of this issue is controlled by the statute:

''Any person furnishing services or materials for the erection of a new building or structure upon land to which the person contracting for such erection has no legal title, shall have a lien therefor upon such buildings [building] or structure; *and the forfeiture or surrender of any title or claim of title held by such contracting person to such land shall not defeat the lien upon such building or structure of such person furnishing services or materials as aforesaid.''* 3 Comp. Laws 1929, § 13103.

In view of the above statutory provision, it is evident that the Dosties could not by summary proceedings have terminated plaintiff's lien even if it had been made a party to such proceeding. Much less could the right of lien be terminated by a summary proceeding to which the lienholder was not a party.

At the time the appellant George B. Ellesin received conveyance of the property from Mr. and Mrs. Dostie, plaintiff's claim of lien was a matter of record in the office of the register of deeds. He, therefore, took title with constructive notice. Further, it is evident that he accepted conveyance of title with actual knowledge of plaintiff's claim of lien, and for the purpose of relieving the property of the lien he and his surety gave a bond. This bond, after reciting plaintiff's claim of lien upon the premises, is conditioned:

"Now, therefore, the condition of this obligation is such, that if the above bounden principal shall pay or cause to be paid to the above-named obligee (Strand Lumber Company) any sum of (for) which said obligee may obtain judgment or decree upon the demand for which such statement of account (for the lien) was filed, then this obligation to be void, otherwise to remain in full force and virtue."

The circuit judge decreed Ellesin and his surety liable to plaintiff on their bond for the amount of its lien, the accrued interest, and costs of suit. The decree is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.