LEWIS MANUFACTURING CO. *v.* LEE.

1. MECHANICS' LIENS—FORECLOSURE—AMENDMENT—PERIOD COVERED BY LIEN.

Amendment of bill to foreclose mechanic's lien by changing averment as to when period covered by lien began in order to accord with undisputed fact as to period within which materials were furnished merely corrected a mistake which was not fatally defective.

2. SAME—CLAIM OF LIEN—NOTICE.

Failure to name in claim of lien and serve notice on wife of man with whom materialman contracted renders lien inoperative where she had no legal title at time contract was made but acquired it prior to time claim of lien was filed.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 19, 1934. (Docket No. 90, Calendar No. 37,887.) Decided September 18, 1934.

Bill by Lewis Manufacturing Company, a Michigan corporation, against Charles W. Lee, receiver of the First State Savings Bank of Birmingham, and others to foreclose a mechanic's lien. Cross-bill by defendant receiver against plaintiff and other defendants. Decree for plaintiff. Defendant receiver appeals. Reversed and bill dismissed.

*Pelton & McGee,* for plaintiff.

*Goodloe H. Rogers,* for defendant receiver.

WIEST, J. December 10, 1930, George W. Smith was vendee in a land contract covering 45 lots in a subdivision. That day, and without the legal title,

he commenced erection of a dwelling house on one of the lots and, January 28, 1931, entered into contract with plaintiff for material. December 26, 1930, the vendors in the land contract executed a deed to George W. Smith and left it in escrow at a bank, pending financial arrangements which evidently were not completed until February 5, 1931, when Mr. and Mrs. Smith gave a mortgage to defendant First State Savings Bank of Birmingham for $10,000, and February 6, 1931, when they gave a second mortgage to the land contract vendors. In the meantime, however, and on January 6, 1931, Mr. Smith, by quitclaim deed, conveyed the premises to his secretary and she, on the same day, by like deed, conveyed to Mr. and Mrs. Smith. The mentioned deeds and mortgages were not recorded until about the middle of March, 1931. January 28, 1931, Mr. Smith, individually, contracted with plaintiff for building material and, between that date and June 29, 1931, material was furnished. August 22, 1931, plaintiff filed a claim of lien on the building and land for material furnished between April 15 and June 29, 1931, under contract with George W. Smith, owner, and made service upon Mr. Smith, August 22, 1931.

The bill herein was filed to foreclose the lien. Defendant Charles W. Lee, receiver of the First State Savings Bank of Birmingham, appeared and, by answer, averred priority of the mortgage, and by cross-bill, asked affirmative relief and now reviews adverse decision and decree by appeal. The other defendants, inclusive of Mrs. Smith, have not appealed.

At the hearing plaintiff was permitted to amend the bill by averring the furnishing of material from January 28 to June 29, 1931. The fact is not dis-

puted but it is contended that dates in the claim of lien cannot be varied.

In *John F. Noud & Co.* v. *Stedman,* 193 Mich. 459, we held:

"The last date is the more important of the two, because from the last one it is determined whether the claim for a lien was filed within the statutory period of 60 days. Where the last date is stated definitely, we do not think the claim should be declared fatally defective because the first date is stated too generally."

The claim of lien was timely filed and the mistake mentioned did not defeat the lien but only had bearing upon the subject of priority of the bank mortgage.

When Mr. Smith commenced the building he had no legal title to the lot and the court limited the lien and foreclosure thereof to the building under 3 Comp. Laws 1929, § 13103. If the lien was valid upon the building and not as well upon the lot no one has been harmed by such holding.

Defendant bank claims that, on January 28, 1931, when the contract for material was made with Mr. Smith, title to the lot was in Mr. and Mrs. Smith by the entirety under the quitclaim deed from Mr. Smith's secretary on January 6, 1931, or, if that deed did not pass the legal title, it operated as a conveyance of a vendees' interest in the land contract and constituted Mrs. Smith a joint vendee with Mr. Smith and, therefore, the contract with Mr. Smith alone was invalid.

It is also contended that the claim of lien was invalid because Mrs. Smith was not mentioned therein as an owner or served with notice.

Title from the land contract vendor did not vest in Mr. Smith while the deed was in escrow and,

therefore, his quitclaim deed to his secretary and her quitclaim deed to Mr. and Mrs. Smith conveyed no then legal title and Mr. and Mrs. Smith, on January 28, 1931, had no legal title and failure to contract with Mrs. Smith did not defeat the lien upon the building. *Strand Lumber Co.* v. *Dostie,* 260 Mich. 422.

However, in August, 1931, when the claim of lien was filed, the mentioned deeds had all become operative and Mrs. Smith was then an owner and entitled to be so named in the claim of lien and to be served with notice. The failure to name her as an owner at that time and serve her with notice rendered the lien inoperative. *Waters* v. *Johnson,* 134 Mich. 436; *Lacy* v. *Piatt Power & Heat Co.,* 157 Mich. 544 (133 Am. St. Rep. 360) ; *John F. Noud & Co.* v. *Stedman, supra; Lallevich* v. *Bartoszewiz,* 205 Mich. 375; *Peninsular Stove Co.* v. *Crane,* 226 Mich. 130; *Grand River Lumber & Coal Co.* v. *Glenn,* 234 Mich. 310; *Skupinski* v. *Provident Mortgage Co.,* 244 Mich. 309; *Strand Lumber Co.* v. *Dostie, supra.*

Counsel for plaintiff cite the *Strand Lumber Company Case* as authority for not requiring notice of filing of the lien to be given the owner in case the lien is upon the building alone. In the *Dostie Case* we held that, in case of lien against the building only, notice was not required to be given to one who became owner subsequent to the filing of the lien and before filing the bill for foreclosure.

The decree is reversed and the bill dismissed, with costs to the appealing defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.