PAVLOVIC *v.* KASTNER.

TAXATION—SETTING ASIDE DEED FROM STATE—FRAUD—EVIDENCE.

In suit by 62-year-old plaintiff to set aside deed of State land office board to purchasers of his home valued at $2,500 for $220 bid at so-called scavenger sale and to restrain execution of writ of restitution on ground of constructive fraud upon plaintiff in view of his age and straitened circumstances, where plaintiff failed to tender sum for redemption within statutory period and record is without evidence of actual or constructive fraud on part of defendants, no relief may be afforded plaintiff, the fact that result is unfortunate and harsh in an individual case being an insufficient basis for declaring a tax law inoperative (Act No. 155, § 7, Pub. Acts 1937).

Appeal from Oakland; Hartrick (George B.), J. Submitted April 8, 1942. (Docket No. 25, Calendar No. 41,912.) Decided June 10, 1942.

Bill by Mike Pavlovic against Lee G. Kastner and wife and State Land Office Board to set aside a deed and for an injunction and other relief. Decree for plaintiff. Defendants Kastner appeal. Reversed.

*Edward J. Fallon,* for plaintiff.

*John L. Estes (Milton F. Cooney,* of counsel), for defendants Kastner.

NORTH, J. For several years prior to February 13, 1940, plaintiff owned and along with his tenants occupied property located in the city of Pontiac known as lot 536 of Ferry Farms Addition. From 1930 to 1939, inclusive, unpaid taxes accumulated

against this property which, including accrued penalties, were in excess of $500. At the 1938 annual tax sale, at which time the unpaid taxes with redemption fees totalled $454.37, the property was sold to the State of Michigan. There was no redemption and on April 18, 1940, at the so-called scavenger sale the property on the bid of defendant, Lee G. Kastner, in behalf of his wife, was sold to the wife, defendant Anna Kastner. The amount of the bid was $220. Plaintiff did not within the time provided by the statute (Act No. 155, § 7, Pub. Acts 1937 [Comp. Laws Supp. 1937, § 3723-7, Stat. Ann. 1938 Cum. Supp. § 7.957] ), match or attempt to match this bid, notwithstanding the approximate value of the property was $2,500. On June 18, 1940, the State land office board executed a deed of the' property to defendant, Anna Kastner; and after delivery of the same it was recorded July 25, 1940. After service of notice to quit and surrender the premises had been served upon plaintiff, which seems to have been followed by summary proceedings before a circuit court commissioner, a writ of restitution was placed in the hands of a law-enforcing officer for execution. Thereafter and on November 8, 1940, plaintiff filed the bill of complaint herein. The relief sought was the cancellation of the deed from the State of Michigan through the State land office board to defendant Anna Kastner, and an injunction restraining the execution of the writ of restitution. Pending suit the trial court restrained dispossessing plaintiff from that portion of the premises which he occupied for his personal use, but ordered collection of rentals from two other houses on the premises by an appointee of the court. After hearing the case on its merits the circuit judge entered a decree granting the relief sought by plaintiff but on condition that he should forthwith pay to

defendants Kastner $360. This amount was considered by the court as being full financial reimbursement to the Kastners for the amount paid by them at the scavenger sale with accrued interest thereon, costs and expenses incurred, and $100 as an attorney fee. It is from this decree that defendants Kastner have appealed. In brief the ground of the appeal is that plaintiff neither alleged nor offered proof of any fact or circumstances which could justify the trial court in granting the relief sought by plaintiff.

The bill of complaint contains no allegation of fraud, deceit, coercion, or any other ground of equitable relief as against defendants Kastner; nor is there any testimony of that character. Instead, plaintiff alleged and relied to a large extent upon the fact that he was of the somewhat advanced age of 62 years, that his sight was impaired, that he had been a laborer all his life but had come into such straitened circumstances that he was compelled to seek aid from the welfare agency. His testimony shows that in January, 1940, he went to the welfare for the evident purpose of ascertaining what might be done to avoid the sale of his property, and he claims he was informed his property would not be sold. And sometime in March, 1940, he went to the State land office board office in Pontiac to obtain information; and he testified after talking with a lady employee in the office he was informed by some man there at the office with whom he also talked, but whose identity or connection with the office is not disclosed by the record, that his property would not be sold. As above noted, plaintiff made no offer or attempt as the owner of the property sold to match the bid of defendants Kastner within the statutory period. However, in his bill of complaint he did allege willingness to do equity by refunding and re-

turning to defendants Kastner any and all money expended by them in connection with their purchase of the property.

Counsel for plaintiff stated in the trial court that his case was not based upon a charge of actual fraud but that plaintiff was charging constructive fraud. The fatal defect in plaintiff's case is that as against Kastners there is not a scintilla of evidence of either actual or constructive fraud. And it should also be noted that there is no testimony which in any way tends to establish either actual or constructive fraud on the part of the State land office board or any of its representatives.

The attitude of the trial judge is disclosed by the following which he dictated into the record:

"It is the court's position in this particular case, that the plaintiff failed to establish sufficient grounds to justify relief. However, I might say frankly upon the record, I am sympathetic to anyone who is losing his property, a man of this age, and if there is any way at all he is entitled to relief, I want to give him every opportunity to assert any rights he has."

Thereupon plaintiff's counsel was given time in which to make a further investigation for the purpose of determining whether he could supplement the record by a further showing which would afford plaintiff a ground of relief. No further testimony was taken. After a futile effort on the part of the trial court to induce the Kastners to accept full financial restitution and return the property to plaintiff, the court entered the decree of the character and on the terms hereinbefore noted.

We are constrained to hold that the decree entered in the circuit court must be reversed. Admittedly the result in the instant case is unfortunate

and harsh; but that circumstance cannot be made a ground for nullifying the effectiveness of statutory provisions enacted for the purpose of enabling governmental agencies to levy and collect taxes without which the affairs of the State cannot be carried on. The statutory provisions cannot in justice be enforced against one individual in the matter of taxation and relaxed to the extent that they are wholly inoperative as against another individual.

A decree may be entered in this court dismissing plaintiff's bill of complaint, with costs of both courts.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.