LOWRIE & WEBB LUMBER CO. v. FERGUSON.

1. TAXATION—FEE TITLE OF STATE STARTS A NEW TITLE.
    When the State becomes the owner of title to land in fee because the former owners failed to pay taxes assessed, its title is free and clear of all liens and encumbrances, and a new chain of title is started (1 Comp. Laws 1929, § 3459, as amended by Act No. 282, Pub. Acts 1939).

2. RECORDS—DEEDS TO STATE—CONSTRUCTIVE NOTICE OF OWNERSHIP.
    The recording of a deed of the auditor general to the State of realty while party was furnishing materials for construction of building thereon was constructive notice that the State was the owner of the land and building.

3. MECHANICS' LIENS—CLAIM OF LIEN—NAME OF OWNER.
    Failure to name, in claim of lien, and to serve notice on, State, which had acquired a new chain of title and recorded its deed received by reason of delinquency in payment of taxes before

plaintiff materialman filed a claim of lien, rendered the lien upon the building inoperative (3 Comp. Laws 1929, §§ 13103, 13105, 13106).

4. SAME—CONSTRUCTION.

Mechanics' liens, being in derogation of the common law, are strictly construed as to the question whether a lien attaches, but are construed liberally after the lien has been created.

5. TAXATION—SCAVENGER SALE—TITLE—LIENS—BUILDINGS—STATUTES.

Purchaser of property from State at so-called scavenger sale held after plaintiff materialman had ceased furnishing materials for building erected on the land obtained title to both the land and the building free from plaintiff's claim of lien where State, as a previous owner, had never been named in claim of lien filed nor served with a copy thereof although its deed was recorded and notwithstanding statutory provision entitling a materialman to lien on building located on land to which party to whom materials were furnished had no legal title (Comp. Laws 1929, § 3459, as amended by Act No. 282, Pub. Acts 1939; § 13103, as amended by Act No. 266, Pub. Acts 1941; Act No. 155, § 9, Pub. Acts 1937, as last amended by Act No. 363, Pub. Acts 1941).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 5, 1945. (Docket No. 48, Calendar No. 43,008.) Decided June 4, 1945. Submitted on rehearing August 31, 1945. Decided on rehearing October 8, 1945.

Bill by Lowrie & Webb Lumber Company, a Michigan corporation, against Raymond C. Ferguson, Joseph F. Ferry, and others to foreclose a mechanic's lien. Bill dismissed. Plaintiff appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Maurice P. Rhodes,* for defendant Ferry.

STARR, C. J. An opinion in this case was filed June 4, 1945, and on plaintiff's application a rehear-

ing was granted. Said opinion has been withdrawn, and this opinion, reaching the same conclusion, is substituted therefor.

Plaintiff appeals from a decree dismissing its bill of complaint filed to foreclose a mechanic's lien on property located in the city of Detroit. The facts are stipulated. Between June 26 and December 6, 1941, plaintiff sold and delivered to defendant Ferguson lumber and building materials of the agreed value of $1,728.95, which were used in the construction of a dwelling house on lot 293 in Mayflower subdivision. On July 11, 1941, Ferguson advised plaintiff that he had contracted with defendants Harold and Mary Parslow to construct said house. On that date defendant Anne Currie held record title to lot 293, but, unknown to plaintiff, she had conveyed her interest by an unrecorded deed to defendant Ferguson "subject to unpaid taxes and tax titles." Plaintiff was also advised that defendant Joseph Ferry had an interest in the lot. On said July 11th plaintiff served notice of intention to claim a lien on the property, on defendants Currie, Ferry, and Harold and Mary Parslow.

The State of Michigan had bid in said lot 293 at delinquent tax sale in 1940, and, there being no redemption, the auditor general conveyed it to the State by deed dated June 3, 1941, and recorded November 3, 1941. The State thereby became the owner of the lot, free and clear of all liens and encumbrances, and a new chain of title was started.* *Porter* v. *State Land Office Board,* 308 Mich. 324; *Darby* v. *Freeman,* 304 Mich. 459. Subsequently, on February 4, 1942, plaintiff filed a claim of lien on the "land and building" in the amount of $1,728.95.

---

* See 1 Comp. Laws 1929, § 3459, as amended by Act No. 282, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3459, Stat. Ann. 1940 Cum. Supp. § 7.112).—Reporter.

In its claim of lien it named defendant Currie as the owner of record and Harold and Mary Parslow as the owners of some interest in the lot, *but did not name the State as owner.* Plaintiff served copies of its claim of lien on defendant Currie and the Parslows, *but did not serve copy on the State.*

In pursuance of Act No. 155, Pub. Acts 1937, as amended by Act No. 363, Pub. Acts 1941 (Comp. Laws Supp. 1940, 1942, § 3723–1 *et seq.,* Stat. Ann. 1942 Cum. Supp. § 7.951 *et seq.*), the State sold said lot at scavenger sale on April 17, 1942, to defendant Ferry for $120, and the State's deed to Ferry was recorded June 15th. Plaintiff's account was not paid, and on February 1, 1943, it began the present suit to foreclose its lien. In its claim of lien and in its bill of complaint plaintiff asserted a lien on both the land and building. However, in the lower court it conceded that it had no lien on the land, but claimed a lien on the building under 3 Comp. Laws 1929, § 13103, as amended by Act No. 266, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 13103, Stat. Ann. 1944 Cum. Supp. § 26.283), which provides in part:

"Any person furnishing services or materials for the erection of a new building or structure upon land to which the person contracting for such erection has no legal title * * * shall have a lien therefor upon such buildings (building) or structure; and the forfeiture or surrender of any title or claim of title held by such contracting person to such land shall not defeat the lien upon such building or structure of such person furnishing services or materials as aforesaid."

The trial judge held that plaintiff's failure to name and serve the State of Michigan, as owner, defeated its lien on the building. The above-quoted provision, relating only to a lien upon a "building or structure," must be considered in connection with

other provisions of the mechanic's lien statutes regarding the form and service of the claim of lien. 3 Comp. Laws 1929, § 13105 (Stat. Ann. § 26.285), provides in part:

"Every person, * * * whether contractor, subcontractor, material man or laborer, *who wishes to avail himself of the provisions of this statute,* shall make and file in the office of the register of deeds, in the county or counties in which said real estate, *house, building, structure* or improvement to be charged with the lien is situated, a just and true statement or account of the demand due him, * * * and containing a correct description of the property to be charged with the lien, and *the name of the owner,* part owner or lessee, if known."

' 3 Comp. Laws 1929, § 13106 (Stat. Ann. § 26.286), provides in part:

"Every person filing such statement or account as provided in the preceding section (section 13105 quoted above), * * * shall within ten days after the filing thereof, *serve on the owner,* part owner or lessee of such premises * * * a copy of such statement or claim."

To assert a lien on the dwelling-house building under section 13103, plaintiff was required to file and serve a claim of lien. Section 13105 required that the lien state the name of the "owner, part owner or lessee, if known." Section 13106 required that a copy of the lien be served on the "owner, part owner or lessee." The recording of the deed to the State of Michigan on November 3, 1941, gave plaintiff constructive notice that the State was the owner of the land and building. However, in its claim of lien plaintiff did not name the State as owner, and it did not serve a copy of its claim on the State.

The present case is controlled by our decision in
*Lewis Manufacturing Co.* v. *Lee,* 268 Mich. 383, and
it should be noted that that case also involved a
claim of lien on a building, under section 13103
quoted above. In that case plaintiff sold building
materials to one George Smith, the vendee in a land
contract, and the materials were used in the con-
struction of a dwelling house on a lot covered by
the contract. Prior to August 22, 1931, the lot was
conveyed by deed to said George Smith and his wife.
On August 22d plaintiff filed claim of lien on the
building, in which it named Mr. Smith as an owner
but did not name Mrs. Smith. It served Mr. Smith
but did not serve Mrs. Smith with a copy of the
claim of lien. Plaintiff later filed bill to foreclose its
lien on the building, and, in determining that its
failure to name Mrs. Smith as an owner and to
serve her with claim of lien defeated its lien on the
building, Mr. Justice WIEST said:

"In August, 1931, when the claim of lien was filed,
* * * Mrs. Smith was then an owner and entitled to
be so named in the claim of lien and to be served
with notice. The failure to name her as an owner
at that time and serve her with notice rendered the
lien inoperative. (Authorities cited.) * * *

"Counsel for plaintiff cite the Strand Lumber
Company Case (*Strand Lumber Co.* v. *Dostie,* 260
Mich. 422) as authority for not requiring notice of
filing of the lien to be given the owner in case the
lien is upon the building alone. In the *Dostie Case*
we held that, in case of lien against the building
only, notice was not required to be given to one who
became owner subsequent to the filing of the lien and
before filing the bill for foreclosure."

"A claim of lien * * * must state, as required by
statute, the name of owner, part owner, or lessee, if

known. A failure to observe this requirement is fatal.'' *John F. Noud & Co.* v. *Stedman* (syllabus), 193 Mich. 459.

''Sections 10714 and 10715, 3 Comp. Laws (1897) (3 Comp. Laws 1929, §§ 13105, 13106 [Stat. Ann. §§ 26.285, 26.286), requiring a claim of mechanic's lien to contain the name of the owner of the premises, if known to the claimant, and a copy of such statement to be served on the owner, *refer to the person who owns the premises at the time the claim of lien is filed.*'' *Waters* v. *Johnson* (syllabus), 134 Mich. 436.

''Mechanics' liens, being in derogation of the common law, are strictly construed as to the question whether a lien attaches, but are construed liberally after the lien has been created.'' *Lacy* v. *Piatt Power & Heat Co.* (syllabus), 157 Mich. 544 (133 Am. St. Rep. 360).

''The mistake had been made and plaintiff must stand or fall upon the claim of lien filed.

''The equities are with plaintiff, but, unless lien attached, may not be considered. Proceedings to obtain a lien are wholly statutory and must be strictly followed.'' *Grand River Lumber & Coal Co.* v. *Glenn,* 234 Mich. 310.

We conclude that under the facts and circumstances of the present case plaintiff's failure to name the State as owner, and to serve the State with copy of claim of lien, defeated its lien on the building in question. *Lewis Manufacturing Co.* v. *Lee, supra.*

Furthermore, as mentioned above, the State sold this property at scavenger sale to defendant Ferry on April ·17, 1942. The deed from the State to Ferry was given in pursuance of Act No. 155, § 9, Pub. Acts 1937, as last amended by Act No. 363,

Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3723–9, Stat. Ann. 1944 Cum. Supp. § 7.959), which provides in part:

"Any quitclaim deed or deeds executed by the (State land office) board or department shall convey title in fee to land under the provisions of this act, *free from any encumbrances.*"

Under our recent decision in *Boissoin* v. *Gillie,* 311 Mich. 358, the building in question became a part of the realty. Therefore, under the above-quoted statute defendant Ferry acquired title to the land and building free from plaintiff's claim of lien. *Pavlovic* v. *Kastner,* 302 Mich. 120; *Municipal Investors Ass'n* v. *City of Birmingham,* 298 Mich. 314.

The decree dismissing plaintiff's bill of complaint is affirmed. Defendant Ferry may recover costs of both courts.

NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in this decision.