F. M. SIBLEY LUMBER CO. *v.* AMERICAN BUILT HOMES, INC.

1. MECHANICS' LIENS—STATEMENT OF LIEN—CONTRACT PURCHASERS IN POSSESSION.

> Statements or claims of lien which failed to name purchasers under an unrecorded land contract but who were in possession nearly two months before the last of the materials were furnished and labor performed by two lien claimants rendered the liens fatally defective because of failure to follow statute (3 Comp. Laws 1929, § 13105; § 13129, as amended by Act No. 266, Pub. Acts 1941).

2. SAME—POSSESSION AS NOTICE.

> Possession by a contract purchaser of premises upon which it is sought to impose a lien charges a lien claimant with knowledge of such purchaser's rights (3 Comp. Laws 1929, § 13105; § 13129, as amended by Act No. 266, Pub. Acts 1941).

3. SAME—PRIORITY—QUESTIONS REVIEWABLE.

> Where neither of two lien claimants perfected the lien which each seeks to foreclose, the question of statutory priority of rights or interests is not involved (3 Comp. Laws 1929, § 13109).

Appeal from Wayne; Webster (Arthur), J. Submitted October 3, 1945. (Docket No. 25, Calendar No. 43,130.) Decided March 5, 1946.

Bill by F. M. Sibley Lumber Company, a Michigan corporation, against American Built Homes, Inc., a Michigan corporation, and others to foreclose a mechanic's lien. Cross bill by William Gottesman, doing business as Monica Plumbing & Heating Company, against defendants to foreclose a mechanic's lien. Decree for defendants. Plaintiff and cross plaintiff appeal. Affirmed.

*Fildew & DeGree,* for plaintiff.

*I. Ernest Sachs,* for cross plaintiff.

*Herbert C. Munro,* for defendants Dunn.

Reid, J. Plaintiff F. M. Sibley Lumber Company filed its bill of complaint to establish a mechanic's lien. Cross-plaintiff William Gottesman, doing business as Monica Plumbing & Heating Company, asked similar relief by cross bill. Defendants Daniel Dunn and Goldie Dunn, contract purchasers of the lands involved, as well as defendant The Maccabees, a Michigan corporation, the holder of a mortgage, contested the validity of the liens. The trial court disallowed the liens; both lien claimants appeal.

The agreed facts are as follows:

Defendant American Built Homes, Inc., a Michigan corporation, owned an interest in two lots which it was purchasing from the State of Michigan on land contract, and proceeded to erect one residence on parts of the two lots. It contracted for building materials in the amount of $1,378.35 to be supplied by the plaintiff F. M. Sibley Lumber Company, and with cross-plaintiff William Gottesman, doing business as Monica Plumbing & Heating Company, to furnish labor and material of the value of $447.

Plaintiff F. M. Sibley Lumber Company delivered its first materials to the defendant American Built Homes, Inc., on June 27, 1941; cross-plaintiff William Gottesman performed his first work on June 25, 1941.

Defendant American Built Homes, Inc., received title from the State to one of the lots, lot 121, by deed recorded October 21, 1941, in liber 5835 of deeds at page 555; it received title to the other lot, lot 122, by deed recorded October 29, 1941, in liber 5843 of deeds at page 100.

As the construction of the building progressed, the following conveyances were placed of record:

American Built Homes, Inc., quitclaim deed to Retan Mortgage Company, February 26, 1942, liber 5942 of deeds, page 43.

Retan Mortgage Company, quitclaim deed to Burton Abstract Company, January 20, 1942, liber 5917 of deeds, page 268.

Burton Abstract Company, quitclaim deed to Mabel Retan, February 19, 1942, liber 5956 of deeds, page 406.

On February 20, 1942, at which time the building was well along toward completion, American Built Homes, Inc., entered into an unrecorded contract of sale by which it, as seller, was to sell the land and residence when completed to the defendants, Daniel Dunn and Goldie Dunn, his wife, as purchasers. The Dunns paid $800 of the purchase price; the balance was to be paid at a later date. Thereafter, on March 29, 1942, on which date the building was substantially completed except for minor items which were later supplied, the Dunns entered into possession of the property and have since that time maintained possession.

Plaintiff F. M. Sibley Lumber Company furnished the last of its materials on May 22, 1942. Cross-plaintiff William Gottesman completed his work on May 30, 1942. All of the materials and the labor supplied by the lien claimants was used and incorporated in the building. The claimants filed their liens within 60 days of the time of the last deliveries, as follows:

F. M. Sibley Lumber Company, lien No. 65531, filed July 20, 1942.

Monica Plumbing & Heating Company, lien No. 65572, filed July 28, 1942.

Investigation of the record (title as disclosed by public records) immediately prior to the filing of the liens showed Mabel Retan to be the last owner of record.

Neither of the lien claimants named the Dunns as having any interest in the premises, and no statement of lien was served upon the Dunns by either claimant.

The bill of complaint in this case was filed December 28, 1942. On February 23, 1943, it being then known that the Dunns were in possession of the property, they were added as defendants so that their possessory rights might be adjudicated.

The appellees, Daniel Dunn and Goldie Dunn, who are the contract purchasers of the property involved, contend in their brief that neither of the lien claimants has a valid lien, because each lien claimant, "failed to name Daniel Dunn and Goldie Dunn, his wife, the owners of the property at the time when the statement of lien was filed, in the statement of lien, and for having failed to serve such statement on said owners." As noted above, neither of the Dunns was named by either lien claimant in the statement or claim of lien filed by the claimant with the register of deeds. This rendered the liens sought to be foreclosed in the instant case fatally defective, because there was failure to comply with section 5 of the mechanics' lien law (3 Comp. Laws 1929, § 13105 [Stat. Ann. § 26.285]) which expressly requires that the statement so filed shall contain "the name of the owner, part owner or lessee, if known." Section 29 of the lien law (3 Comp. Laws 1929, § 13129, as amended by Act No. 266, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 13129, Stat. Ann. 1945 Cum. Supp. § 26.309]) provides:

"For the purpose of this act the words 'owner, part owner or lessee' shall be construed to include * * * the interest held by any person under

contracts of purchase, whether in writing or otherwise.''

See *Wyoming Park Lumber & Fuel Co.* v. *Vander Ark,* 291 Mich. 496.

Since neither of the lien claimants included in the statement filed with the register of deeds the name of either of the contract purchasers as required by statute, each of the alleged liens must be held to be fatally defective. See *Lewis Manfg. Co.* v. *Lee,* 268 Mich. 383.

We are mindful of the claim made in behalf of F. M. Sibley Lumber Company that at the time its claim of lien was filed with the register of deeds it did not know that the Dunns were contract purchasers of the property involved. Under the facts and circumstances of this case we are of the opinion that this claim of lack of knowledge cannot be successfully asserted. The Dunns not only became the contract purchasers of the residence in question but they actually went into possession substantially four months prior to the time the F. M. Sibley Lumber Company filed its statement or claim of lien, and the Dunns remained in continuous possession thereafter, and, in fact, were in possession prior to the time either of these lien claimants furnished the last of the materials for this residence. If the contract under which the Dunns were purchasing had been recorded, it would seem clear that the Sibley company could not disavow knowledge that the Dunns were part owners. *Lowrie & Webb Lumber Co.* v. *Ferguson,* 312 Mich. 331. Notwithstanding their contract to purchase was not a matter of record, the Dunns were in open and notorious possession of this residential property, and this we think was ample in law to charge the F. M. Sibley Lumber Company with notice of whatever rights the Dunns, as occupants, had in this property at the time the Sibley

company filed its statement for claim of lien.   In this particular it should be noted that under the express provision in the statute last above quoted the rights of a contract purchaser are protected, "whether in writing or otherwise."   Since an oral contract could not be a matter of record, it would seem to be necessarily inferred the legislature intended that the possession of a contract purchaser charges a lien claimant with knowledge of such purchaser's rights.

Neither of these two lien claimants has complied with the noted mandatory portion of section 5 of the mechanics' lien law (3 Comp. Laws 1929, § 13105 [Stat. Ann. § 26.285]).   Therefore neither has a valid, enforceable lien as against the rights of the Dunns as contract purchasers.   *Skupinski* v. *Provident Mortgage Co.,* 244 Mich. 309.   Since neither lien claimant perfected the lien which it herein seeks to foreclose, the question of priority of rights or interests as provided in the statute (3 Comp. Laws 1929, § 13109 [Stat. Ann. § 26.289]) is not involved.

The decree in the circuit court, dismissing plaintiff's bill of complaint and the cross bill of the other lien claimant, is affirmed.   Appellees Dunn will have costs against both appellants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred.