UNITED STATES, for the use of GEN-ERAL ELECTRIC DISTRIBUTING CORPORATION, Appellant,

v.

CENTERLINE GARDENS, Inc., Appellee.

GENERAL ELECTRIC DISTRIBUTING CORPORATION, Appellant,

v.

CENTERLINE GARDENS, Inc., Appellee.

Nos. 13268, 13269.

United States Court of Appeals
Sixth Circuit.

Feb. 26, 1958.

Stanley Lawton, Indianapolis, Ind., George B. Gavit, Indianapolis, Ind., of counsel, Ross, McCord, Ice & Miller, Indianapolis, Ind., Dickinson, Wright, Davis, McKean & Cudlip, Detroit, Mich., on the brief, for appellant.

Brian Sullivan, Detroit, Mich., Thomas L. Munson, Detroit, Mich., of counsel, Dykema, Jones, Wheat, Spencer & Goodnow, Detroit, Mich., on the brief, for appellee.

Before ALLEN, MARTIN, and Mc-ALLISTER, Circuit Judges.

**134**

MARTIN, Circuit Judge.

The United States District Court dismissed these consolidated actions for failure to state a claim upon which relief could be granted. The appeals are from the orders of dismissal.

The issue presented is whether the Miller Act [40 U.S.C.A. §§ 270a–270e] applies to a lease of land under the Wherry Act [12 U.S.C.A. § 1748d] by the United States to a private corporation, for a term of 75 years at a specified annual rental, where no payments were made or required to be made by the United States to such corporation, the only construction contract being, *not* with the United States, but between such lessee corporation and another private corporation, as contractor. The contract covered construction of a military housing project contemplated by the lease.

In the lease in question, Centerline Gardens, Inc., agreed to lease all units of the housing project to military and civilian personnel as designated by the Commanding Officer of the Detroit Tank Arsenal, but reserved the right to lease units to persons other than such personnel should the Commanding Officer fail to designate personnel to lease available units, or if the personnel so designated failed to execute a lease. The lease in terms does not contain the customary provisions of a construction contract. Indeed, Centerline Gardens did not construct the housing project, but employed another corporation, Heftler Construction Company, as general contractor. The subcontract covering electrical installations was entered into by the Heftler Company and Pace Electric Company. General Electric Distributing Corporation, Inc., supplied materials to Pace Electric Company.

General Electric had no contract with either Heftler, or with Centerline Gardens, Inc. In consequence of the insolvency of Pace Electric Company, the General Electric Company was not paid for some materials supplied and sued Centerline Gardens, as lessee of the United States, for payment of the costs of such materials.

The cost of constructing the housing project was paid entirely by Centerline Gardens, Inc., financed by private institutions through mortgage loans insured by the Federal Housing Administration. The buildings constructed on the demised property were to become the property of the United States, subject to the lease, which contained no provision referring to the cost of construction, nor did it contain any undertaking by Centerline Gardens to construct the project. Centerline Gardens posted neither a payment nor a performance bond under the Miller Act, no such bond being required by the lease.

Appellant insists that the appellee Gardens was in duty bound to furnish a payment bond; and that, had it done so, appellant could have recovered against the appellee and its sureties on such bond. The appellee contends that its interest, as lessee from the United States, was subject to the mechanics' lien law of Michigan [Mich.C.L.1948, § 570.1 et seq., M.S.A. § 26.281 et seq.]. See Sarar v. Andrews, 251 Mich. 376, 232 N.W. 254.

■■ The issue here really reduces to whether or not the Miller Act is applicable to the lease between the Secretary of the Army and the appellee, Centerline Gardens, Inc. The Miller Act [40 U.S.C.A. §§ 270a–270e] requires, *inter alia*, that a contractor for the construction, alteration, or repair of any building or public work of the United States at a cost in excess of $2,000, shall furnish a performance bond with surety for the protection of the United States, or a payment bond with satisfactory surety "for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person."

The underlying weakness in appellant's theory is that the appellee, Centerline Gardens, Inc., cannot be characterized rightly as a "contractor" un-

der the terms of the Miller Act. The only construction contract was that between Centerline Gardens and Heftler Construction Company. The issue before us is not what the Miller Act should have covered, but what it actually does cover. See United States v. Great Northern Ry. Co., 343 U.S. 562, 575, 72 S.Ct. 985, 96 L.Ed. 1142. Where a statute is clear and unambiguous, a court should not resort to legislative history for determination of its applicability. Masaba-Cliffs Mining Co. v. Commissioner of Internal Revenue, 6 Cir., 174 F.2d 857, 860, 861; Ohio Power Co. v. N. L. R. B., 6 Cir., 176 F.2d 385, 387, 11 A.L. R.2d 243.

We think the United States District Judge properly dismissed the second amended complaint in each action; and, accordingly, the orders to dismiss are affirmed.